Argued March 9, modified and affirmed March 30, 1920.

## BAIRD v. BAIRD.

(188 Pac. 699.)

**Divorce—Findings of Trial Court Held of Great Weight.**

1. In an action for divorce, where there was a great mass of testimony and much of the credibility of the witnesses depended upon their conduct and appearance on the stand, the findings of the trial court, who saw and heard the witnesses testifying, are entitled to much consideration.

**Divorce—Statute Giving Successful Party One Third of Other's Property is Imperative.**

2. Section 511, L. O. L., providing that the party securing a divorce shall be entitled to one third of the real estate then owned by the other is imperative, and a wife securing a divorce from her husband must be given an undivided one-third interest in property standing in his name, regardless of the property owned by her.

**Divorce—Statute Giving Interest in Property Does not Apply to Land Outside State.**

3. Section 511, L. O. L., entitling the party securing a divorce to one third of the real estate owned by the other does not apply to land outside of the state, which cannot be affected by the decree of the court.

On validity of decree in divorce action passing title to land situated in another jurisdiction, see note in 17 Ann. Cas. 859.

For authorities passing on the question of jurisdiction of equity over suits affecting real property in another state or county, see notes in 69 L. R. A. 673; 23 L. R. A. (N. S.) 924; 27 L. R. A. (N. S.) 420.

From Multnomah: GEORGE W. STAPLETON, Judge.

Department 2.

After a courtship of ten years, the plaintiff and the defendant were intermarried in the State of Illinois on April 5, 1898. There has been no issue of this union. At the time they married they had but little property. The defendant was a school teacher and had saved a few hundred dollars. The plaintiff was then an energetic, hardworking farmer boy. Through their industry and joint efforts they eventually purchased and paid for a farm of 204 acres in Elkhart County, Indiana, the title to which was taken and now stands in their joint names, each owning an undivided half interest. After living a few years on this farm and at other places, they finally sold all of the machinery, stock and equipment of the farm and moved to Portland, Oregon, where they have since resided.

While in many ways their domestic life was peculiar and was not always happy, they continued to reside together until on or about April 29, 1917, when they separated. On July 21, 1917, the plaintiff commenced this suit for a divorce, alleging facts tending to show cruel and inhuman treatment by the defendant without cause or provocation. The complaint describes certain lands in Tillamook County, Oregon, standing in the name of the plaintiff, which were purchased in 1912 for $2,500, and city property in Portland in the name of the defendant, purchased at or about the same time, to the value of $3,000, and avers that both properties were bought with money which was earned by the joint efforts of both plaintiff and defendant. It is then alleged that the plaintiff owns an automobile and truck business of

the reasonable value of $2,000, in Portland, and that the defendant owns a rooming-house of the value' of $750, also in Portland; that the Indiana farm during the last six years has been rented for $500 to $700 annually; that the plaintiff has collected this rental for one year and the defendant has taken it for five years; that the house and barn on the Indiana farm were destroyed by fire and the defendant collected $2,000 insurance thereon; that she has large sums of money loaned out and has a bank account of about $5,000; and that because of their relations he permitted her to receive and handle all of such funds. He prays for a decree of divorce and an accounting.

For answer and cross-complaint the defendant denies the material allegations of the complaint, and alleges facts to show that she is entitled to a divorce on the ground of cruel and inhuman treatment. She avers that she has no income ''or other means with which to support herself or prosecute her defense and cross-bill in this suit during the pendency thereof,'' and prays for a decree of divorce.

After a reply was filed testimony was taken in open court, and the trial judge rendered a decree of divorce in favor of the defendant, further adjudging the plaintiff to be the owner of an undivided one-half interest, in joint tenancy with the defendant, of the Indiana farm; that he was the sole owner of the automobile and truck business in Portland; that the defendant was the owner of the household goods in Portland, valued at $300, and of a mortgage for $2,800 upon land in southeastern Oregon; and that the plaintiff should pay the defendant $425 as a property settlement and in addition thereto should pay her $100 as attorneys' fees, and the sum of $15

monthly as alimony "until defendant remarries or until the further order of this court." From this decree both parties have appealed, the defendant claiming that under the statute she is entitled to an undivided one-third interest in the Tillamook County lands and that in addition to the undivided half interest which she now owns she should be awarded an undivided one-third interest in plaintiff's undivided half of the Indiana farm. The plaintiff insists that the court erred in not entering a decree of divorce in his favor against the defendant, in awarding her permanent alimony, in allowing her $425 as a property settlement, in confirming her title to the $2,800 mortgage, and in general, in rendering any decree whatever in favor of the defendant.

MODIFIED AND AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. William P. Lord.*

For cross-appellant there was a brief over the names of *Mr. George Estes, Mr. E. M. Morton* and *Mr. J. H. Hobart,* with oral arguments by *Mr. Estes* and *Mr. Morton.*

JOHNS, J.—1. We have read the 346 pages of nauseating testimony in this suit and have not found it either interesting or instructive. It reflects no credit upon either of the litigants. Under the existing facts, this is a case in which the findings of the trial court are entitled to much consideration. The judge saw and heard the witnesses testifying, and much of their credibility depends upon their conduct and appearance on the witness-stand. The plaintiff frankly admits that early in their married life he slapped and kicked the defendant, that he does not

have any regret for what he did, and that he thinks it had a good effect. Such conduct and attitude do not favorably impress this court. Nothing is to be gained by quoting from or analyzing the testimony. Much of it is not fit to appear in print. All things considered, we approve the ruling of the Circuit Court in granting a divorce to the defendant.

2. Section 511, L. O. L., provides:

"Whenever a marriage shall be declared void or dissolved, the party at whose prayer such decree shall be made shall in all cases be entitled to the undivided third part in his or her individual right in fee of the whole of the real estate owned by the other at the time of such decree, in addition to the further decree for maintenance provided for in Section 513; and it shall be the duty of the court in all such cases to enter a decree in accordance with this provision."

This is imperative, and where the question is raised, as in this case, by a cross-appeal, this court is bound by the terms of the statute. Under it the defendant is entitled to and should have an undivided one-third interest in the Tillamook County lands described in the complaint.

Although the testimony is somewhat conflicting, yet in equity and good conscience the defendant is not entitled to $425 or any other sum as a property settlement, and the plaintiff should not be required to pay her any alimony, but the judgment against him for the sum of $100 as attorneys' fees is approved.

3. Based on the statute above quoted, the defendant contends that she is entitled to an undivided one third of the plaintiff's undivided half interest in the Indiana farm. That land is beyond the jurisdiction of this court. Under similar facts in a divorce decree rendered in King County, Washington, this

point was decided by the United States Supreme Court in the case of *Fall* v. *Eastin,* 215 U. S. 1 (54 L. Ed. 65, 17 Ann. Cas. 853, 23 L. R. A. (N. S.) 924, 30 Sup. Ct. Rep. 3), where it was held:

"While a court of equity acting upon the person of the defendant may decree a conveyance of land in another jurisdiction and enforce the execution of the decree by process against the defendant, neither the decree, nor any conveyance under it except by the party in whom title is vested, is of any efficacy beyond the jurisdiction of the court: *Corbett* v. *Nutt,* 10 Wall. 464 (19 L. Ed. 976).

"A court not having jurisdiction of the *res* cannot affect it by its decree nor by a deed made by a master in accordance with the decree."

The opinion there goes on to say:

"In such case the decree is not of itself legal title, nor does it transfer the legal title. It must be executed by the party, and obedience is compelled by proceedings in the nature of contempt, attachment or sequestration. On the other hand, where the suit is strictly local, the subject matter is specific property, and the relief when granted is such that it *must* act directly upon the subject matter, and not upon the person of the defendant, the jurisdiction must be exercised in the state where the subject matter is situated: 3 Pomeroy's Equity, §§ 1317, 1318, and notes."

With the modifications above indicated, the decree of the Circuit Court is affirmed, neither party to recover costs in this court.

MODIFIED AND AFFIRMED.

McBRIDE, C. J., and BEAN and BENNETT, JJ., concur.