WILLIAM MARVIN CORKILL, Plaintiff and Respondent, v. JEAN MARIE CORKILL CLONINGER, Defendant and Appellant.

No. 11602.
Submitted April 15, 1969.
Decided May 20, 1969.
454 P.2d 911.

Berger, Anderson & Sinclair, Richard W. Anderson (argued), Billings, for defendant and appellant.

Small & Cummins and Carl Hatch, Floyd O. Small (argued), Helena, for plaintiff and respondent.

MR. JUSTICE HASWELL delivered the Opinion of the Court.

Appeal from a child custody award. The judgment of the district court refused to recognize prior orders of a California court granting custody to the mother and awarded custody to the father. From this judgment the mother appeals.

The sole issue on this appeal is whether prior custody awards to the mother by the California court are entitled to "full faith and credit" and "comity" in Montana. The district court held they were not. We reverse.

On April 21, 1966, a superior court of the state of California entered an interlocutory decree of divorce granting William Marvin Corkill (the father) custody of two minor children born as issue of his marriage to Jean Marie Corkill (the mother). At this time and prior thereto all were residents of California. Following entry of the interlocutory decree but prior to entry of the final decree, the father and the two minor children moved to Montana where all have been legally domiciled

ever since. On July 25, 1966 the final decree of divorce was entered by the California court with the child custody provisions remaining unchanged. Thereafter the mother remarried and acquired the surname of Cloninger.

On September 8, 1966 the mother filed a petition in the district court of Meagher county, Montana seeking modification of child custody award in the California decree so as to grant custody to her. Following a hearing, the district court of Meagher county entered an order dated October 25, 1966 containing the following pertinent findings: (1) that the mother and the two minor children were residents of Montana, (2) that the Montana court had no jurisdiction to modify the California decree, and (3) that the proper court in which to seek modification was the California court that entered the original decree.

Thereafter the mother returned to California, apparently where she now resides, and instituted proceedings seeking modification of the child custody award to grant her custody of the two minor children. These proceedings were brought in the California court that granted the original decree. A hearing was held wherein the father appeared without counsel. At the time the two minor children were temporarily physically present in the state of California for the purpose of visiting their mother, but did not appear before the court at any time during the proceedings. Thereafter the California court modified the original decree and granted custody of the two minor children to the mother.

Thereafter the father and mother, each represented by counsel, appeared before the same California court which by its order dated July 24, 1967, awarded the mother custody of the two minor children subject to the father's right to have them with him until August 31, 1967. The father and the two minor children returned to Montana prior to August 17 and have remained here ever since.

On August 17, 1967 the father instituted proceedings in the

district court in Montana contending that the custody awards to the mother by the California court in December, 1966 and July, 1967 were void for lack of jurisdiction and requesting custody of the two minor children. A hearing was held thereon at which both the father and mother appeared personally and with counsel and at which the children personally appeared and privately expressed their desires as to their custody to the presiding judge.

Following the hearing, the district court entered findings of fact, conclusions of law, and judgment. The gist of the district court's decision was that the orders of the California court in December, 1966 and July, 1967 were not entitled to full faith and credit or comity because that court lacked jurisdiction to make such awards. The district court's basis for finding lack of jurisdiction was that the minor children were bona fide residents and domiciliaries of Montana where they were living with their father who had been granted their custody under the original divorce decree which was in all respects valid. The district court concluded that the best interests of the minor children required continuing their custody in the father.

As heretofore stated, the sole issue on this appeal is whether the custody awards to the mother by the California court in December, 1966 and July, 1967 are entitled to full faith and credit or comity in Montana. It is important to note that no issue is raised upon this appeal concerning the jurisdiction of Montana courts to readjudicate custody of minor children now domiciled in this state based upon a change in conditions from those that existed at the time of a previous valid custody award by the court of a sister state.

The United States Constitution requires that Full Faith and Credit shall be given in each State to the * * * Judicial Proceedings of every other State * * *''. Art. IV, Sec. 1, U.S. Constitution. The United States Congress enacted supplementing legislation providing in part:

"Such &ast; &ast; &ast; judicial proceedings &ast; &ast; &ast; · shall have the same full faith and credit in every court within the United States &ast; &ast; &ast; as they have by law or usage in the courts of such State &ast; &ast; &ast; from which they are taken." Act of June 25, 1948, Ch. 646, 62 Stat. 947, Title 28 U.S.C.A. § 1738. The application of these constitutional and statutory provisions to child custody awards in divorce cases is a source of never-ending confusion. Modern conditions of a mobile population and the lack of finality of child custody awards accentuate the problems in this area.

A universally recognized exception to the constitutional requirement that full faith and credit be given to court orders and judgments of sister states is where the court of a sister state lacks jurisdiction to hear and determine the matter adjudicated. Milwaukee County v. M. E. White Co., 296 U.S. 268, 56 S.Ct. 229, 80 L.Ed. 220, and cases therein cited. In such cases full faith and credit need not be given the judgments or orders of courts of a sister state because they are null, void and without legal effect even within the state in which they were rendered.

This brings us to the crux of the problem in the instant case—did the California court have jurisdiction to award the custody of the minor children to the mother by its orders of December, 1966 and July, 1967?

Two divergent lines of authority are found in the past decisions of this Court, one of which is illustrated by the case of State ex rel. Nipp v. District Court, 46 Mont. 425, 128 P. 590, and the other of which appears in the case of Application of Enke, 129 Mont. 353, 287 P.2d 19.

In the *Nipp* case the parents were divorced in Nebraska with custody of the son granted to the father and custody of the daughter awarded to the mother, with each· parent granted visitation rights of the child awarded to the custody of the other parent and each parent being enjoined from interposing any obstacle or hindrance to the other. Thereafter the father

moved to Montana with his son and established residence here. Subsequently the mother petitioned the Nebraska court for modification of the decree to grant her custody of the son, and the Nebraska court modified the original decree accordingly. Thereafter the mother filed a habeas corpus petition in a Montana district court seeking custody on the basis of the modified Nebraska decree. Under these circumstances this Court held that the amended Nebraska decree was entitled to full faith and credit in Montana and was conclusive in the absence of proof of a change in the fitness of the custodian of the child or a change in the circumstances affecting the custody of the child subsequent to rendition of the existing custody award. This Court's rationale in determining that full faith and credit be given to the Nebraska custody award is expressed in the following language:

"This must be the result; otherwise the court of the state in which a controversy should arise subsequent to the date of the decree would sit as a court of review of the action of a court of a sister state having the same jurisdiction, thus according neither faith nor credit to its findings as to the fitness of the custodian selected by it. At the same time the restriction does not interfere with the exclusive right which the courts of each state have to determine the *status* of persons found within their jurisdiction without control or restriction by the laws of a sister state." State ex rel. Nipp v. District Court, supra, 46 Mont., at p. 436, 128 P., at 593.

The other line of authority is represented by *Enke,* supra. There the parents and the two minor children were residents of California when the father and mother came to a parting of ways. At that time the father and mother executed a written custody agreement providing for custody in the mother and permitting her to take the children with her and reside in Montana subject to certain visitation rights granted the father. Subsequently the mother sued for divorce in California and was granted an interlocutory decree granting her sole

custody of the minor children and the right to determine their place of residence, subject to certain visitation rights granted the father. Following entry of the interlocutory decree, the mother and children returned to Montana where they have continuously resided ever since. About a year later the California court entered a final decree of divorce containing the same custody provisions. Some two years later the mother remarried.

About ten years after entry of the interlocutory decree, the father petitioned the California court for modification of the decree to permit him to have custody of the two minor children during July of each year—notice of the proceedings was given the mother by service upon her in Helena. She authorized an attorney of her selection to appear and resist the application for modification in the California court, but neither she nor the minor children attended the hearing nor were physically present in California at that time. The California court granted the modification requested by the father. The father filed an original proceeding by writ of habeas corpus before this Court to obtain custody of the two minor children during July under the modified California custody award.

This Court held that the modified California custody award was made by a court without jurisdiction, accordingly was not entitled to full faith and credit in Montana, and discharged the writ. The basis of the holding was that the courts of Montana wherein the minor children were domiciled have jurisdiction to determine their custody; that the California court voluntarily surrendered further jurisdiction concerning custody by entry of a decree with consent of the husband and giving sole custody to the mother and granting her the right to fix their residence, and could not thereafter revive its original jurisdiction after the children became domiciled in Montana on the theory of continuing jurisdiction in child custody awards.

In our view, the decisions in *Nipp* and *Enke* are distinguish-

able on the facts of the respective cases. In *Nipp* the child's domicile was established in Montana in violation of the original custody award and the Nebraska court in no way surrendered its original and continuing jurisdiction over custody; in *Enke,* the children's domicile was established in Montana by express consent of both parents coupled with a custody award to the mother authorizing her to determine the children's residence, the California court thereby voluntarily surrendering any further jurisdiction to modify the original custody award upon establishment of the children's domicile in Montana. In both cases the controlling factor was whether the court of a sister state had jurisdiction to make the custody award in question. If it did, its award was entitled to full faith and credit in Montana; otherwise its award was a nullity even in its own state and was entitled to no faith, credit or effect here. Thus in *Nipp* full faith and credit was given to the Nebraska decree by the courts of Montana because the Nebraska court had jurisdiction to make the custody award in question, while in *Enke* full faith and credit was denied the California award because that court lacked jurisdiction to make it.

Nonetheless there is a fundamental difference in the central holding of the two cases. *Nipp* recognizes that a court of a sister state lawfully possessing jurisdiction to make a child custody award retains continuing jurisdiction to modify such award even though such child subsequently becomes domiciled in another state. *Enke* denies jurisdiction to determine custody to any court outside the state of the child's then existing domicile. With this basic holding in *Enke* we cannot agree and expressly overrule it.

In our view, the court of a sister state entering a valid custody order retains continuing jurisdiction to modify such award based upon changed circumstances affecting custody since the original award. Section 21-139, R.C.M.1947; Cal. Civ.C. § 138. A change in the child's domicile to a sister state, in itself, does not deprive the court of original award of con-

tinuing jurisdiction. State ex rel. Nipp v. District Court, supra. However, it may invest the courts of the child's new domicile with concurrent jurisdiction to readjudicate custody based upon changed circumstances affecting custody since entry of the existing valid custody award. Sampsell v. Superior Court, 32 Cal.2d 763, 197 P.2d 739 (1948); Fenner v. Bassett, Alaska, 412 P.2d 318, 320 (1966).

Thus the courts of either state may possess jurisdiction to make a subsequent custody award, but such subsequent awards must be based on changed conditions affecting custody since entry of the existing valid custody award. In this manner, the constitutional requirement that full faith and credit be given to valid judgments and orders of the courts of a sister state is satisfied.

In the instant case the California court had jurisdiction to make a custody award concerning the two minor children in the original divorce proceeding. It had jurisdiction over the parents by virtue of process and appearance and jurisdiction over the children's custody by virtue of their domicile in that state. It had jurisdiction over the subject matter by virtue of the divorce laws of the state and the issues raised in the divorce case. Its child custody award in the original divorce decree was within its jurisdiction and in all respects valid. The California court retained continuing jurisdiction to modify its original child custody award by virtue of express provisions of statute. Cal.Civ.C. § 138.

At the subsequent hearings in December, 1966 and July, 1967 the California court possessed jurisdiction to modify the previous award based on changed circumstances affecting custody since the existing award. This continuing jurisdiction existed by virtue of the express statutory authority heretofore noted, coupled with personal appearances by both parents before the court together with physical presence of both minor children within the state of California. The orders of the California court in December, 1966 and July 1967 were within

its jurisdiction and in all respects valid. Hence they were entitled to full faith and credit in Montana and the district court erred in holding to the contrary.

As these awards of the California court are entitled to full faith and credit, a detailed discussion of comity appears superfluous. Suffice it to say that comity dictates a like result, there being no supervening public policy of Montana preventing recognition of the California custody awards herein. (For rationale see In re Anderson's Estate, 121 Mont. 515, 194 P.2d 621).

Our decision herein is not to be construed as denying concurrent jurisdiction to Montana courts to adjudicate custody of the minor children herein based upon a change in circumstances affecting custody since entry of the existing valid California award of July, 1967. Such was not the situation in the instant case, however, under the pleadings, issues, or decision of the district court.

The judgment of the district court is reversed and the father's complaint and petition dismissed.

MR. CHIEF JUSTICE JAMES T. HARRISON and MR. JUSTICES CASTLES and BONNER, concur.

MR. JUSTICE JOHN C. HARRISON, dissents.