No. 81-409

IN THE SUPREME COURT OF THE STATE OF MONTANA

1982

KENNETH A. KANE,

Plaintiff and Appellant,

vs.

DONNA J. KANE,

Defendant and Respondent.

Appeal from:  District Court of the Thirteenth Judicial District,
In and for the County of Big Horn
Honorable William J. Speare, Judge presiding.

Counsel of Record:

For Appellant:

Richter and Acker, Billings, Montana
Frank Richter argued, Billings, Montana

For Respondent:

Moses Law Firm, Billings, Montana
Charles F. Moses argued, Billings, Montana
Redle, Yonkee & Arney, Sheridan, Wyoming

Submitted:  April 2, 1982

Decided:

Filed: JUN 1 0 1982

Thomas J. Kearney
Clerk

Mr. Chief Justice Frank I. Haswell delivered the Opinion of the Court.

Plaintiff Kenneth Kane filed suit in the Thirteenth Judicial District Court against Shell Oil Company and Donna Kane, his former wife, seeking specific performance of an agreement to purchase land, damages, attorney fees and expenses related to sale of the land, and trustee's fees. Subsequently a stipulation was entered into by the parties and Shell Oil Company was dismissed from the suit. Motions for summary judgment were then filed by both Kenneth and Donna. The District Court denied the motions for summary judgment and dismissed the case without prejudice based upon its determination that the dispute might be more appropriately and justly decided in the Wyoming District Court. Kenneth appeals.

In 1977, Kenneth was granted a divorce from his wife Donna by the Fourth Judicial District Court for the State of Wyoming. The divorce decree as modified provided that Kenneth was to convey to Donna an undivided one-half interest in certain property located in Big Horn County, Montana. The decree also provided that Kenneth was to act as trustee of a trust imposed on the Montana property and that Donna and Kenneth were both to execute any documents necessary to convey the property to Shell Oil Company if Shell Oil Company decided to exercise its option to purchase the property, an option it had acquired in 1975. The divorce decree further provided that in the event Donna and Kenneth disagreed concerning any transaction arising out of the decree, the matter was to be submitted to the Wyoming District Court for determination.

-2-

Shell Oil Company decided to exercise its option. However, at the closing Donna refused to execute the documents needed to complete the transaction because a clerical error had been made in the divorce decree and Donna contended that if the error were not corrected she would not receive her correct share of the proceeds from the sale of the land. The Wyoming District Court later issued an order to correct the clerical mistake.

Meanwhile Kenneth brought this action in the Thirteenth Judicial District Court, Big Horn County, Montana, seeking specific performance of the purchase agreement by Shell Oil Company and a judgment against Donna for damages related to her alleged interference with the closing, attorney fees and expenses connected with the sale of the Montana land, and trustee's fees. Donna and Shell Oil Company both cross-claimed and counterclaimed.

In June 1980, a stipulation was entered into by the parties and Shell Oil Company was dismissed from the lawsuit. Both Kenneth and Donna then filed motions for summary judgment. In Donna's brief on the summary judgment motions she argued that as to one issue she was entitled to summary judgment but as to the remaining issues the Montana District Court lacked jurisdiction to decide the issues and that the appropriate forum was the Wyoming District Court.

Both motions for summary judgment were denied and the case was dismissed without prejudice. The Montana District Court declined to exercise jurisdiction over any of the issues in the case based upon its determination that the case might be more appropriately and justly tried in the Wyoming District Court since there no longer existed any claim for specific performance and since the issues that

-3-

remained all arose out of the Wyoming divorce decree. Kenneth appeals from the District Court's judgment.

The issue presented in this appeal is whether the District Court erred in declining to accept jurisdiction of this case.

Kenneth argues that the Montana District Court has jurisdiction to hear this case and that the "open court policy" set forth in the 1972 Montana Constitution, Art. II, § 16, requires the Montana District Court to exercise that jurisdiction. Donna contends that the Wyoming District Court is the appropriate forum for this case because the Wyoming District Court retained jurisdiction over disagreements arising out of the divorce decree. She argues that the provision in the divorce decree which states that such disagreements are to be submitted to the Wyoming District Court for determination should be given full faith and credit under the United States Constitution, Art. IV, § 1, or in the alternative that the provision in the divorce decree should be honored based on the doctrine of comity.

We note first that the Full Faith and Credit Clause of the United States Constitution does not prohibit a state from exercising jurisdiction in a transitory cause of action even though a sister state has provided that action on the particular claim shall not be brought outside its territory. Tennessee Coal, I. & R. Co. v. George (1914), 233 U.S. 354, 34 S.Ct. 587, 58 L.Ed. 997; Restatement (Second) of Conflict of Laws § 91 (1971).

Nevertheless, the District Court properly declined to exercise jurisdiction in this case based on the doctrine of comity.

-4-

"Comity is the basis for voluntary enforcement or recognition by one state of the judicial proceedings of a sister state. Mast Foos & Co. v. Stoerer Mfg. Co., 177 U.S. 485, 488-489, 20 S.Ct. 708, 710, 44 L.Ed., 856 [   ] (1900); . . . Comity is not a binding obligation on the forum state, but a courtesy voluntarily extended to another state for reasons of 'practice, convenience and expediency.' Mast Foos & Co., supra, 177 U.S., at 488, 20 S.Ct. at 710; . . . Deference is not offered, however, when it would contravene the public or judicial policy of the forum state. Thus, application of comity involves an examination by the Court of both the public policy of the forum state and the impact on that policy of enforcing the foreign proceeding." Philadelphia v. Austin (1981), 86 N.J. 55, 429 A.2d 568.

We determine that applying comity to this case does not contravene the public policy of the State of Montana. Montana does have an "open court policy." "Courts of justice shall be open to every person, and speedy remedy afforded for every injury of person, property, or character." 1972 Mont. Const., Art. II, § 16. This policy would not be thwarted by honoring the statement in the divorce decree which provides that disagreements arising out of the divorce decree are to be submitted to the Wyoming District Court for resolution. Donna and Kenneth are both residents of the State of Wyoming and there is a forum available in that state for the resolution of the issues raised by the parties in this case.

Kenneth argues, however, that the issues remaining in this case did not arise out of the Wyoming divorce decree. We disagree. The claim that Donna acted incorrectly at the closing is related to her obligations under the decree and the issues of attorney fees, expenses and trustee's fees are likewise all directly related to the provisions of the divorce decree.

We agree with the District Court that this case may be more appropriately and justly tried in the Wyoming District

-5-

Court.  The District Court correctly declined to exercise jurisdiction in the case, and we find no error in the District Court's denial of the motions for summary judgment since the case was dismissed without prejudice.

Affirmed.

_____
Chief Justice

We Concur:

_____

_____

_____

_____
Justice

-6-