No. 83-417

IN THE SUPREME COURT OF THE STATE OF MONTANA

1984

BETTY JEAN GAMMON,

        Plaintiff and Respondent,

  -vs-

EDWARD LUCIUS GAMMON,

        Defendant,

  -vs-

CHRISTIANA, INC., a Penn. Corp.,

        Intervenor and Appellant.

APPEAL FROM: District Court of the Fifth Judicial District,
In and for the County of Jefferson,
The Honorable Frank Davis, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Lerner & Snyder; Alan J. Lerner argued, Big Fork,
        Montana

    For Respondent:

        John L. Peterson argued, Butte, Montana

Submitted: April 17, 1984

Decided: June 19, 1984

Filed: JUN 19 1984

Ethel M. Harrison
_____
Clerk

Mr. Justice Fred J. Weber delivered the Opinion of the Court.

Proposed intervenor Christiana, Inc. (Christiana) appeals from the judgment entered by the Fifth Judicial District Court, Jefferson County, enforcing the provisions of an Oregon divorce decree awarding Betty Jean Gammon (wife) title to Montana real property and denying Christiana's motion to intervene. We reverse and remand for further proceedings.

The issues are:

1. Whether the District Court erred in not allowing Christiana to intervene in this action as a matter of right under Rule 24(a)(2), M.R.Civ.P.?

2. Whether the Oregon divorce decree granting wife title to Montana real property is enforceable in the courts of this state?

On November 9, 1982, the Oregon Circuit Court, Yamhill County, entered a Judgment of Dissolution of Marriage in favor of wife. That judgment was recorded in the Oregon court system on November 22, 1983. As part of the judgment, the Oregon court stated:

> "The petitioner [wife] is awarded the following real property:
>
> ". . .
>
> "C. All real property and mining leases and claims in the State of Montana to be awarded freely and clear of all right, title and interest of the respondent, . . . more specifically described in attached Exhibits B-1 through B-9, which by this reference are incorporated herein, valued at $150,000."

The exhibits attached to the Oregon decree set forth complete legal descriptions of the properties.

This award was incorporated into the Oregon court's conclusions of law and was affirmed in the court's decree.

2

Wife filed an exemplified copy of the Oregon divorce decree in both Jefferson and Madison Counties, Montana.

After filing of the Oregon decree in Montana, but before filing of this action, Edward Lucius Gammon (husband) purportedly conveyed title to the Montana real property by quitclaim deed and assignment to Christiana. Before this action was filed, the assignment and quitclaim deed to Christiana were recorded in both Jefferson and Madison Counties, where the real properties and mining claims are located.

The president and sole shareholder of Christiana is Joseph Lakowski, a Pennsylvania attorney. At the hearing on the motion to intervene, Lakowski testified that Christiana was formed in November, 1982. Although husband is not a shareholder of Christiana, he is Lakowski's client. Husband and Lakowski knew of and discussed the legal effect of the Oregon divorce decree. Although husband had offered to buy wife's interest in the Montana property for $200,000, Christiana purchased the Montana real properties from husband for $10,000, $5,000 of which was paid in cash, $2,000 of which was paid by check, and $3,000 of which is owing but unpaid. At the time of this purchase, Christiana, through Lakowski, was aware of the Oregon decree and that it had been filed in Jefferson and Madison Counties. Lakowski stated three reasons for Christiana's purchase of the property. First, husband indicated he needed the money. Second, in the opinion of Christiana's legal advisors, the Oregon decree was void in Montana with respect to title to the real property. Third, Christiana felt it had a very good buy for the consideration.

3

Wife brought this action on March 18, 1983, seeking to enforce the Oregon divorce decree pursuant to section 26-3-203, MCA, which provides:

"The effect of a judicial record of a sister state is the same in this state as in the state where it was made, except that it can only be enforced here by an action or special proceeding . . ."

Wife was unsuccessful in her attempts to personally serve husband and so served husband by publication, pursuant to Rule 4, M.R.Civ.P. A default judgment was subsequently entered against husband. Christiana moved to intervene in the action pursuant to Rule 24(a)(2), M.R.Civ.P.

A hearing on the motion to intervene was held on June 7, 1983. At the hearing, the court heard testimony from Lakowski regarding husband's conveyance of the property to Christiana and received in evidence the quitclaim deed and assignment. The court also heard testimony from Terrance Hall, wife's attorney in the Oregon divorce proceedings, concerning the effect of the Oregon decree under Oregon law. Hall testified that although some decrees issued in Oregon include a proviso ordering a party to convey property or put documents on record, such a proviso is not necessary under the Oregon statute to transfer title immediately. The court also heard testimony from wife.

Christiana asked in its complaint in intervention that the court declare wife to have no right, title or interest in the real property transferred by husband to Christiana. Christiana asked the District Court to recognize that the Oregon decree could not affect husband's title to the Montana real property and that husband's ownership had been transferred to Christiana. Wife requested that the court grant the Oregon decree full faith and credit and transfer title to the Montana property to wife.

4

On June 8, 1983, the court entered its findings, conclusions, order and judgment. The court found that the Oregon court had personal jurisdiction over both husband and wife and that the judgment awarded to wife title to certain Montana real property owned by the parties in common. The court took judicial notice of section 107.105, Oregon Revised Statutes, which provides that upon the filing of a decree in a dissolution matter, the property division ordered "shall be deemed effective for all purposes" and further provides that a transfer by decree affects solely owned property as well as that owned in common.

The court further found that consideration for the conveyance to Christiana was at most nominal and that there was substantial evidence to support a finding that the purported transfer was solely for the purpose of avoiding the effect of the Oregon judgment. The court specifically found that Christiana was incorporated by Lakowski, who had discussed with husband the effect of the Oregon judgment on his Montana property. As a result, the District Court found that husband still claims an interest in the Montana property. The court pointed out that the Oregon judgment is on appeal to the Oregon Court of Appeals and in that appeal husband is contending that the Montana property should be placed in trust for his children.

The District Court then concluded in pertinent part as follows:

"2. That on February 24, 1983, Edward Lucius Gammon had no interest in the Montana real property assigned and conveyed by him to Christiana, Inc.; and, accordingly, Christiana, Inc., did not and cannot bring itself under the intervenor right provisions of Rule 24(a)(2), M.R.Civ.Pro., and thus its Motion to intervene and file a Complaint in this cause is denied without prejudice to its rights to assert any claim or interest in the Montana property in some other action, either in this forum or elsewhere.

5

"3. That the Judgment in Cause No. 38016 of the Circuit Court of the State of Oregon . . . is entitled to full faith and credit under the laws of the State of Montana.

"4. It is further ordered that said Judgment be, and it is hereby adopted as a Judgment of this Court in haec verba as if fully set forth herein . . ."

Christiana appeals from the findings, conclusions, order and judgment of the District Court.

I

Christiana argues the District Court erred in not allowing Christiana to intervene in this action as a matter of right pursuant to Rule 24(a)(2), M.R.Civ.P. We agree.

Rule 24(a), M.R.Civ.P. states:

"Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties." (emphasis added)

The apparent basis upon which the District Court refused to allow intervention was that it concluded Christiana had no interest in the property subject to the action. However, Rule 24(a)(2) requires only that the proposed intervenor claim an interest in the property. Christiana made timely application for intervention and claimed an interest relating to the property by virtue of a quitclaim deed and assignment. It is undisputed that Christiana is so situated that the disposition of this action will as a practical matter impair or impede its ability to protect its claimed interest. Further, because husband did not appear to defend the action and was defaulted, no party adequately represents Christiana's position. Christiana therefore met the intervention requirements of Rule 24(a)(2), M.R.Civ.P.

We hold that the District Court erred in not allowing Christiana to intervene in this action pursuant to Rule 24(a)(2), M.R.Civ.P.

## II

Christiana argues the District Court erred in concluding that the Oregon decree operated to divest husband of his title to the Montana property and that the decree was entitled to full faith and credit in the courts of this state. Christiana argues that the Oregon court had no extraterritorial jurisdiction over Montana real property. It contends that the decree was void ab initio and is not entitled to full faith and credit or enforcement as a matter of comity. It therefore contends the Oregon decree had no effect on husband's title and that title passed to Christiana under the quitclaim deed and assignment executed by husband.

Wife argues that the courts of this state are required to recognize foreign divorce decrees based upon the full faith and credit clause of the United States Constitution and the doctrine of comity. She argues that the Oregon decree established the equities and rights between the parties and is enforceable in Montana, even though the decree did not of itself pass title. She argues it would have been useless to order husband to convey title to her because he willfully refused to appear in the action or otherwise comply with the court's orders. Having sued for enforcement of the Oregon decree in Montana, she argues she is entitled to enforcement of the Oregon decree and a judgment awarding the Montana property to her.

In Fall v. Eastin (1909), 215 U.S. 1, 30 S.Ct. 3, 54 L.Ed. 65, the United States Supreme Court established the general rule that a court in one state has no extraterritorial jurisdiction to affect title to real

property in another state. Thus, recognition of a divorce decree provision which purported to transfer foreign real property was not required by the full faith and credit clause of the United States Constitution. In Fall, Mrs. Fall obtained a divorce judgment in Washington, where she and her husband lived. As part of the decree, the Washington court awarded Mrs. Fall land located in Nebraska. The judgment ordered Mr. Fall to convey his interest in the Nebraska property to Mrs. Fall, and when he failed to do so, the court appointed a commissioner who executed a deed. After the judgment, Mr. Fall deeded the land to his sister. Mrs. Fall brought suit against Mr. Fall's grantee in Nebraska to quiet title to the land, relying on the Washington judgment and deed to establish her title. The Nebraska Supreme Court reversed the trial court's judgment in favor of Mrs. Fall. Fall v. Fall (Neb. 1907), 113 N.W. 175, 181. The court held that the Washington court was without jurisdiction to affect title to Nebraska property. The U.S. Supreme Court affirmed, holding that the Nebraska court was not required under the circumstances to give full faith and credit to the Washington judgment. 215 U.S. at 14, 30 S.Ct. at 9, 54 L.Ed. at 71-72.

This Court has also recognized the principle that foreign courts have no power to directly affect title to real property located in Montana. Wilson v. Thelan (1940), 110 Mont. 305, 311, 100 P.2d 923, 926; In re Estate of Bruhns (1920), 58 Mont. 526, 528-29, 193 P. 1115, 1116. Further, this Court has recognized that a judgment of a foreign court void for lack of jurisdiction is not entitled to full faith and credit in the courts of this state. Corkill v. Cloninger (1969), 153 Mont. 142, 146, 454 P.2d 911, 913.

Insofar as the Oregon court attempted to directly transfer husband's Montana real property to wife, its act was

8

not effective in this state. Insofar as the District Court gave effect to the Oregon decree as a direct and self-executing transfer of title to Montana real property, it was in error and that aspect of the District Court's judgment is reversed.

Christiana argues that the Oregon court's attempt to directly transfer title to Montana real property renders the decree an absolute nullity. It argues that the decree is ineffective even to establish the equities between the parties and as such is entirely unenforceable in this state.

We conclude that Christiana's reading of the decree is unreasonably restrictive. The Oregon court, having jurisdiction of the parties and the subject matter, was empowered to determine the equities between the parties with respect to marital property. Reading the decree as a whole, we find that the Oregon court intended to establish an equitable property division based upon the evidence. The record before the court included evidence relating to the nature and value of the parties' assets, the financial conditions of the parties, the needs of the parties and other relevant matters. Based upon this evidence, the court equitably divided all real and personal property and awarded specific assets to the respective parties. Insofar as the court attempted to directly transfer title to Montana real property, its attempt was void for want of jurisdiction. However, the decree accomplished more than a mere outright award of specific assets; clearly, the decree also determined on the merits the equities between the parties, notwithstanding the specific wording of the decree. The decree established wife's right to the Montana property as against husband. We therefore reject Christiana's argument that the Oregon decree is entirely void and unenforceable.

9

A determination of a court of a foreign jurisdiction of the equities between the parties in a divorce action is not subject to collateral attack in the courts of this state unless void on its face. Corkill, 153 Mont. at 150-51, 454 P.2d at 915. The Oregon court had jurisdiction to determine the equities between the parties and did so. This aspect of the Oregon decree is valid and entitled to full faith and credit in our courts.

The decision in Fall v. Eastin does not preclude this result. Fall held only that an attempt to directly transfer title to real property in a foreign jurisdiction was ineffective and not entitled to full faith and credit. The court recognized that a foreign decree could render conclusive judgment on the merits of the claim or subject matter of the suit. 215 U.S. at 12, 30 S.Ct. at 8, 54 L.Ed. at 71. As noted by Justice Holmes in his concurring opinion, the Nebraska court had carefully avoided saying that the decree would not be binding between the original parties. 215 U.S. at 15, 30 S.Ct. at 9, 54 L.Ed. at 72. However, to give such a determination the force of a judgment in the state where the real property is located, it must be made a judgment there, 215 U.S. at 12, 30 S.Ct. at 8, 54 L.Ed. at 71, as wife here seeks to do.

Fall does not require, as Christiana suggests, that this Court refuse to recognize any aspect of the Oregon decree. As wife argues, the holding in Fall is not broad enough to resolve this case. Significantly, in Fall, Mrs. Fall had brought a quiet title action against a third-party grantee. She had not sued in the state where the property was located to enforce the foreign judgment, but relied in a quiet title action upon the foreign decree and deed as alone sufficient to establish her title. Fall is distinguishable from this

case, where wife has sued in Montana to enforce the foreign judgment as against husband. Whether husband validly divested himself of the property prior to wife's enforcement action, so as to preclude a Montana judgment granting her title, is a separate issue to be addressed on remand. The Oregon decree's determination of the equities between the parties is entitled to full faith and credit in the courts of this state.

The Oregon decree is also enforceable in this state based upon the doctrine of comity:

> ". . . [A]n equally compelling reason for refusing . . . the right to collaterally attack the divorce decree of the Nevada court is the decent regard and respect we owe to the judgments of the courts of sister states. Even though the full faith and credit clause of the Federal Constitution does not prohibit a collateral attack on the Nevada decree, the rules of comity prevent such an attack.
>
> . . .
>
> "Unless the public policy of the state would prevent the recognition of the decree or such recognition would be injurious to the best interests of the state we must recognize the force and effect of the decrees of our sister states and enforce them in the same manner that they enforce the decrees of courts of our state." In Re Anderson's Estate (1948), 121 Mont. 515, 524-25, 194 P.2d 621, 625-26.

In Kane v. Kane (Mont. 1982) 646 P.2d 505, 39 St.Rep. 1036, this Court affirmed the trial court's decision declining to exercise jurisdiction in a dispute arising out of a Wyoming divorce decree. This Court found that although the full faith and credit clause did not prohibit the Montana court from exercising jurisdiction, the trial court properly declined to exercise jurisdiction as a matter of comity, which was characterized as a voluntary recognition of the proceedings of a sister state. 646 P.2d at 507, 39 St.Rep. at 1038. By invoking the doctrine of comity, this Court

11

recognized the prerogative of the Wyoming court to conclusively determine the equities between the parties.

Christiana contends that the case of Mieyr v. Federal Surety Company (1934), 97 Mont. 503, 34 P.2d 982, stands for the proposition that this Court will not enforce the judgment of a sister state under the doctrine of comity unless that state would enforce a Montana decree under the same circumstances. Christiana further argues that the Oregon court has previously held similar decrees to be unenforceable and therefore this Court should decline to enforce the Oregon decree.

However, Mieyr does not support Christiana's argument. In Mieyr, a receiver was appointed by an Iowa court for a defunct corporation which had property in Montana. A Montana creditor of the corporation obtained in a Montana court a judgment and writ of execution and levied upon the assets of the corporation. Later, the Iowa receiver appeared in Montana claiming that his interest in the Montana property should prevail over the interest of the local judgment creditor. This Court rejected the claim of the Iowa receiver because it apparently concluded that the Montana public policy of enforcing priority rules as to creditors outweighed the policy of comity. 97 Mont. at 515-16, 34 P.2d at 988. Mieyr does not require reciprocity as a prerequisite to enforcement of a foreign decree based upon comity; it merely required the foreign receiver to compete on an equal basis with Montana creditors.

In any event, the cases cited by Christiana do not demonstrate that Oregon would refuse to recognize a similar decree entered by the courts of Montana. In Robinson v. Scott (Or. 1916), 158 P. 268, the court held, in a quiet title action between successors in interest of both husband

and wife, that a foreign decree was insufficient in and of itself to vest title to lands in Oregon. 158 P. at 270. In Baird v. Baird (Or. 1920), 188 P. 699, the court held that the Oregon trial court had no authority in a divorce action to award title to Indiana real property. 188 P. at 700. Neither Robinson nor Baird held that an Oregon court would not as a matter of comity recognize the equities established by a foreign divorce decree.

Finally, we find no public policy of the State of Montana which precludes recognition of the equities established by the Oregon decree. Christiana argues that to give effect to the Oregon decree would allow the courts of foreign jurisdictions to exercise in rem jurisdiction over Montana real property, in contravention of the public policy of this State. However, because such a decree is ineffective in itself to affect title, but rather depends for its effectiveness upon obtaining an enforcement judgment in a Montana court, recognition of the decree does not allow foreign courts to exercise jurisdiction over Montana real property. Moreover, the Oregon decree establishes only the rights between the parties in that action; it does not determine title in rem. Because the effectiveness of the foreign judgment in Montana depends upon enforcement by Montana courts, Christiana's argument in this regard is without merit.

Further, the precise wording of the Oregon decree does not prevent this Court from enforcing its equities as a matter of comity.

We hold that the District Court erred in concluding that the Oregon decree was in itself effective to transfer title to Montana real property. However, we further hold that, in an enforcement action in this state, the Oregon decree is an

enforceable determination of the rights and equities between husband and wife with respect to the Montana real property in question.

We reverse the judgment of the District Court and remand for further proceedings consistent with this opinion, including granting of Christiana's motion to intervene, further pleadings on the issue of title to the subject real property, and further proceedings consistent with this opinion as the District Court deems advisable.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____

_____
Justices

14