No. 92-282

IN THE SUPREME COURT OF THE STATE OF MONTANA

1992

IN RE THE MARRIAGE OF

DEBORAH ANN ANIBALLI,

Petitioner and Respondent,

and

RANDALL PAUL ANIBALLI,

Respondent and Respondent,

vs.

RICHARD ANIBALLI and MARY LOU ANIBALLI,

Intervenors and Appellants.

APPEAL FROM: District Court of the Fourth Judicial District,
In and for the County of Missoula,
The Honorable Jack L. Green, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Peter S. Dayton and Grant D. Parker, Tawney and
Dayton, Missoula, Montana

For Respondent:

Richard A. Volinkaty, Missoula, Montana;
Lori Ballinger, Paulette Ferguson Law Office,
Missoula, Montana

FILED

Filed NOV 24 1992

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

Submitted on Briefs: October 22, 1992

Decided: November 24, 1992

Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

Richard and Mary Lou Aniballi appeal from the denial of their motion to intervene in the dissolution of the marriage of their son and daughter-in-law, entered by the District Court for the Fourth Judicial District, Missoula County. We affirm.

The issue is whether Rule 24(a), M.R.Civ.P., entitles Richard and Mary Lou Aniballi to intervene in this action as a matter of right to protect their interest in the marital home of Randall Paul Aniballi and Deborah Ann Aniballi.

In May 1991, Deborah Ann Aniballi filed a petition for dissolution of her marriage to Randall Paul Aniballi. In their motion to intervene, Randall's parents, Richard and Mary Lou Aniballi, claimed they loaned $63,630 to Randall and Deborah, primarily to construct and improve Randall and Deborah's home. Although no notes, mortgages, or other such documents were executed, Richard and Mary Lou maintain it was understood that Randall and Deborah were obligated to pay the loans back eventually, if and when they were financially able to do so, or when the house was sold. They state that Deborah seeks in these proceedings to obtain the home free and clear of any obligation to repay them.

Richard and Mary Lou filed their motion to intervene under Rule 24(a), M.R.Civ.P.:

> Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the

2

applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Randall did not oppose the motion to intervene, but stated that he cannot adequately represent his parents' interests. Deborah opposed the motion.

The District Court ruled that because Richard and Mary Lou have not shown an instrument in writing to support their claim, it is barred by the statute of frauds at § 72-1-203, MCA. The court also ruled that because the alleged loans were made between 1977 and 1988, a large part of the claim is barred by the five-year statute of limitations applicable to a contract, account, or promise not founded on an instrument in writing. It ruled that Richard and Mary Lou have therefore not met the requirement under Rule 24(a), M.R.Civ.P., of showing "an interest relating to the property or transaction which is the subject of the action."

Richard and Mary Lou argue that the rule allowing for intervention is to be liberally interpreted and that intervention must be allowed whenever an applicant claims an interest relating to the property or transaction involved in the lawsuit, citing Gammon v. Gammon (1984), 210 Mont. 463, 469, 684 P.2d 1081, 1084. Because they have claimed an interest in Randall and Deborah's house, they argue, they are entitled to intervene in this action. They contend it was not proper for the District Court to rule on the merits of their claim in the context of the motion to intervene.

3

Gammon was an action to determine title to real property. An Oregon court awarded title to real property located in Montana to Betty Gammon, in a decree dissolving her marriage to Edward Gammon. After that award was made, Edward Gammon conveyed title to the Montana property to the proposed intervenor, Christiana, Inc., by quitclaim deed and assignment. Betty Gammon brought an action in Montana to enforce the Oregon decree. Edward Gammon defaulted. This Court held that the district court erred in failing to allow Christiana, Inc., to intervene. Gammon, 684 P.2d at 1084.

In Gammon, unlike the present case, the central issue was who held valid title to the property in which the proposed intervenor claimed an interest. While resolution of this action will allocate title to marital property as between Randall and Deborah, any decree entered in this matter will not prohibit Richard and Mary Lou from bringing separate proceedings against Randall, Deborah, or both of them, for the debt allegedly owed. As this Court stated in Gammon, a decree of dissolution resolves rights to the marital property as between the parties seeking dissolution of marriage, but will not determine title in rem. Gammon, 684 P.2d at 1087.

Further, unlike Richard and Mary Lou, the proposed intervenor in Gammon made a prima facie case supporting its claim on the property. There, the proposed intervenor held title to the property at issue through a quitclaim deed and assignment executed by Edward Gammon. In this case, no prima facie case has been shown. A mortgage on real property can only be created by a

4

written instrument. Section 71-1-203, MCA. Richard and Mary Lou have admitted that there is no written instrument documenting their claim on Randall's and Deborah's home. The record before this Court contains no writing to evidence the debt.

If intervention must be allowed whenever an applicant makes a claim on property, there would be no reason to require leave of court to intervene. There must be some purpose in the rule's requirement that leave of court be obtained. In applying the federal rule of procedure after which Montana's Rule 24(a), M.R.Civ.P., is modeled, federal courts have examined the merits of the proposed intervenor's claim. See, e.g., In re Lopez-Soto (1st Cir. 1985), 764 F.2d 23, 26-27; Lake Investors Dev. Group v. Egidi Dev. Group (7th Cir. 1983), 715 F.2d 1256, 1259. Intervention requires a "direct, substantial, legally protectable interest in the proceedings. [Citation omitted.]" Diaz v. Southern Drilling Corp. (5th Cir. 1970), 427 F.2d 1118, 1124, cert. denied, 400 U.S. 878, 91 S.Ct. 118, 27 L.Ed.2d 115.

We hold that a prima facie showing must be made to support a claim for intervention under Rule 24(a), M.R.Civ.P. We so limit the holding in Gammon. Thus, in ruling on a motion to intervene, a district court properly considers whether a prima facie case has been made to support the claim. This is in accord with the rule in Montana under a previous statute concerning intervention. Equity Co-operative Ass'n. v. Equity Co-operative M. Co. (1922), 63 Mont. 26, 37, 206 P. 349, 352.

5

We hold that the District Court did not err in denying Richard and Mary Lou Aniballi's motion to intervene.

Deborah argues that she is entitled to her attorney fees on appeal. The District Court reserved ruling on whether she is entitled to attorney fees incurred in opposing the motion to intervene. It would therefore be premature for this Court to rule on this issue at this time.

Affirmed.

_____
Chief Justice

We concur:

_____
_____
_____
_____
_____
_____
Justices

6

November 24, 1992

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:

Peter S. Dayton and Grant D. Parker
Tawney & Dayton
P. O. Box 3658
Missoula, MT  59806-3658


Richard A. Volinkaty
Attorney at Law
P. O. Box 8272
Missoula, MT  59807

Ms.Lori Ballinger
Paulette Ferguson Law Office
210 North Higgins Avenue, Suite 302
Missoula, MT  59802

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
   Deputy