No. 05-734

IN THE SUPREME COURT OF THE STATE OF MONTANA

2007 MT 20

IN RE THE MARRIAGE OF
SYDNE KAY HEIDEMA,

        Petitioner and Respondent,

   and

JACK DALE HEIDEMA,

        Respondent and Respondent,

   and

DOUGLAS FAW,

        Intervenor and Appellant.

APPEAL FROM:    The District Court of the Thirteenth Judicial District,
                  In and For the County of Yellowstone, Cause No. DR 05-0560,
                  Honorable Russell C. Fagg, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

                Gene R. Jarussi, Jarussi & Bishop, Billings, Montana

                Toby Alback, Alback & Boschert, Billings, Montana

        For Respondents:

                William J. O'Connor II, O'Connor & O'Connor, P.C., Billings,
                Montana (Jack Heidema)

                Linda L. Harris, Harris Law Firm, P.C., Billings,
                Montana (Sydne Heidema)

                        Submitted on Briefs:  November 28, 2006

                                 Decided:  January 30, 2007

Filed:

              _____
                              Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1 Douglas Faw appeals from a Thirteenth Judicial District Court, Yellowstone County, final decree of dissolution of Sydne and Jack Heidema's marriage. We affirm the District Court.

¶2 The issue on appeal is whether the District Court erred in precluding Faw from exercising his right to participate in a dissolution action by entering a final dissolution decree ending the Heidemas' marriage.

## BACKGROUND

¶3 Douglas Faw was injured while employed as a ranch hand for brothers Jack and John Heidema in the Heidemas' ranch operations. The Heidemas did not have workers' compensation insurance coverage at the time Faw was injured. Faw's medical expenses as a result of his injury exceed $1,000,000. Faw filed suit against Jack and John Heidema and the Heidema Partnership for negligence and failure to provide workers' compensation coverage. He later filed suit against Jack and John and the newly-created Heidema Ranch Limited Partnership for fraudulent transfer of assets into the new partnership. Faw alleged that the limited partnership was created to protect the Heidemas' assets against the pending lawsuits.

¶4 In May 2005, Sydne Kay Heidema filed a petition for dissolution of marriage from Jack Heidema. Faw alleged that Sydne and Jack's dissolution was a sham because the marriage was not irretrievably broken and the dissolution was being sought only to protect Sydne's inchoate interest in the marital estate against the pending lawsuits. He

2

contended that the Heidemas' attorney in the tort actions told them that a dissolution would be one way to protect the wives' interest in the Heidema assets. Incidentally, Sydne's sister-in-law, Connie Heidema, filed a petition for dissolution against John Heidema that same month. Faw filed a motion to intervene as a matter of right in the dissolution action. He asserted that he was not interested in receiving any specific property from the marital assets, but rather, that the petition for dissolution was not legitimate and therefore should not be granted. He also requested that a receiver be appointed to take control of the marital estate to prevent its dissipation.

¶5 The District Court granted Faw's motion to intervene pursuant to M. R. Civ. P. 24. The court stated that the timing of the Heidema wives' dissolution petitions, along with Faw's assertion that they were advised that dissolution could protect their inchoate interest in the marital estate, warranted permissive intervention in order for the court to adequately address Faw's interests. Faw's response to the dissolution petition denied that the marriage was irretrievably broken.

¶6 When Sydne and Jack failed to provide preliminary declarations of disclosure to Faw, Faw filed a motion to compel the declarations, stating he did not waive the exchange. Jack objected to the motion, stating that Faw was attempting to obtain discovery for his tort actions by intervening in the dissolution action, and the asset disclosures had nothing to do with Faw's assertion that the marriage was not irretrievably broken and the dissolution was being entered into to protect assets. The District Court granted Faw's motion to compel the disclosures.

3

¶7    After nearly a month went by and Sydne and Jack failed to provide the preliminary disclosures, Faw filed a motion requesting the court to set a deadline for them to provide the disclosures. The court ordered Sydne and Jack to provide the disclosures by November 17, 2005. However, prior to that date, Sydne and Jack entered into a settlement agreement and asked the court to enter the dissolution decree. Sydne served her preliminary and final declaration of disclosure and declaration of income and expenses, and two days later, Jack produced his disclosure which was identical to Sydne's. On November 9, 2005, the District Court entered a final decree of dissolution over Faw's objections. Faw appeals.

## STANDARD OF REVIEW

¶8    We review a district court's conclusions of law to determine whether its interpretation of the law is correct. *Shilhanek v. D-2 Trucking, Inc.*, 2000 MT 16, ¶ 24, 298 Mont. 101, ¶ 24, 994 P.2d 1105, ¶ 24 (citation omitted).

## DISCUSSION

¶9    **Did the District Court err in precluding Faw from exercising his right to participate in a dissolution action by entering a final dissolution decree ending the Heidemas' marriage?**

¶10    Faw based his original motion to intervene on M. R. Civ. P. 24, asserting that he was entitled to intervene as a matter of right because he claimed an interest relating to property in the marital estate and that he was so situated that distribution of the marital estate in the dissolution would impede or impair his ability to protect his interests. He

4

further stated that his interests were not protected by the existing parties in the dissolution action. The District Court granted Faw's motion to intervene, stating that permissive intervention was warranted based on the timing of the Heidema wives' dissolution petitions, along with Faw's assertion that they were advised that dissolution could protect their inchoate interest in the marital estate. The court further stated that it would "not be able to adequately address the interests of the proposed intervening party without his participation in the dissolution proceedings."

¶11     In this case, it is questionable whether the District Court should have allowed Faw to intervene in the first place. The Heidemas have not, however, appealed from that order. Although Faw had, and still has, pending lawsuits against Jack, John, and their partnerships, he does not yet have a judgment. Thus, he has not made a prima facie showing of an actual interest in the Heidemas' property. *See* M. R. Civ. P. 24(a)(2); *Anniballi v. Anniballi*, 255 Mont. 384, 387, 842 P.2d 342, 344 (1992). Secondly, as demonstrated by the fact that Faw has filed lawsuits against Jack, John, and their partnerships, Faw has other avenues available for protecting his alleged interest in the property. *See* M. R. Civ. P. 24(a)(2); *Anniballi*, 255 Mont. at 386, 842 P.2d at 343. Finally, in determining that permissive intervention was warranted, the District Court failed to determine that Faw had a question of law or fact in common with the main action. *See* M. R. Civ. P. 24(b)(2); *Shilhanek*, ¶¶ 47-48. Faw now asserts that the questions of facts or law in common between his claim and the dissolution action are that

5

both claims are concerned with the size of the marital estate, the dissipation of assets by the parties, and the equitable distribution of marital assets between Jack and Sydne.

¶12    Appropriate or not, the court did allow Faw to intervene; thus, the question now is whether Faw was prejudiced by entry of the dissolution decree before the parties responded to Faw's discovery requests regarding asset disclosure. We hold that he was not.

¶13    Marriage arises out of a civil contract between a man and a woman, and requires the consent of both parties. Section 40-1-103, MCA. When one or both of those parties finds the marriage is irretrievably broken, that party has a basis for dissolution. Section 40-4-101, MCA. Dissolutions are statutory proceedings. The questions to be determined in a dissolution action are whether the marriage is irretrievably broken, and if so, how to allocate marital assets between the parties and provide maintenance and child support if applicable. Sections 40-4-107, 40-4-202, 40-4-203, 40-4-204, MCA. In a dissolution proceeding, the only proper parties are the spouses seeking to be divorced. *Nielson v. Thompson*, 982 P.2d 709, 712 (Wyo. 1999) (citing *In re Marriage of Soriano*, 722 P.2d 132, 133 (Wash. App. 1986)).

¶14    Because Faw is not a party to the marriage, he has no standing to assert that the marriage is or is not irretrievably broken. Furthermore, Faw's request for relief, that assets be entrusted to third parties, exceeds the jurisdiction of the court. In a dissolution proceeding, the court has authority to apportion marital assets only between the parties. Thus, even if the court committed error in entering the dissolution decree before Faw

6

received the disclosures, such error was harmless because the court could not grant any relief to Faw in the dissolution proceeding. Faw must pursue, and is pursuing, the other remedies he has available to him.

¶15    We affirm the District Court.


                                              /S/ W. WILLIAM LEAPHART


We concur:

/S/ KARLA M. GRAY
/S/ PATRICIA COTTER
/S/ JAMES C. NELSON
/S/ BRIAN MORRIS