No. 12202

IN THE SUPREME COURT OF THE STATE OF MONTANA

1972

_____

The State of Montana ex rel.,
ROBERT DUANE SHELHAMER,

                    Relator,

    -vs-

THE DISTRICT COURT OF THE FOURTEENTH
JUDICIAL DISTRICT OF THE COUNTY OF
MUSSELSHELL and THE HON. NAT ALLEN,
presiding judge,

                    Respondents.

_____

ORIGINAL PROCEEDING:

        Counsel of Record:

            For Relator:

                Robert L. Stephens, Jr. argued, Billings, Montana.

            For Respondents:

                Ask and Brower, Roundup, Montana.
                John L. Pratt argued, Roundup, Montana.

_____

                                Submitted: February 14, 1972

                                Decided: MAR 6 - 1972

Filed: MAR 6 - 1972

_Thomas J. Kearney_
                                    Clerk

Mr. Chief Justice James T. Harrison delivered the Opinion of the Court.

This is an original proceeding wherein relator sought an appropriate writ to require modification of an order entered by the respondent court in a contempt proceeding.

From the record it appears that in a divorce proceeding entitled Phyllis A. Shelhamer, Plaintiff, v. Robert Duane Shelhamer, Defendant, pending in the district court of Musselshell County, wherein a decree of divorce was entered on October 7, 1968, the plaintiff executed an affidavit in re contempt. It was alleged therein that the defendant had not paid certain support money as required by the aforementioned decree, and prayed that an order to show cause be issued requiring the defendant to appear and show cause, if any he had, why he should not be held in contempt of court, and also pay plaintiff's attorney's fees for the proceeding.

The respondent court issued an order to show cause under date of September 24, 1971, requiring defendant to appear before it on October 8, 1971.

The hearing was continued to October 18, 1971, at which time the parties appeared in court and testimony was taken from each side as to the delinquencies in support payments and excuses for nonpayment thereof.

Respondent court during the hearing expressed its dissatisfaction with the custody provisions contained in the original decree, found defendant guilty of contempt for failure to support

- 2 -

the children, fined him, and over the objections of his counsel directed a change be made in the custody of the children. A formal order was thereafter entered on November 5, 1971.

It is conceded by the parties that the issue here is whether or not the court was in error in unilaterally terminating relator's partial custody rights granted by a prior divorce decree at a contempt hearing for nonsupport without request by the adverse party for the relief granted and without notice to the relator that his right of partial custody would be at issue.

The district court has continuing jurisdiction in child custody matters and has the continuing power to modify orders and change custody, all as provided in section 21-138, R.C.M. 1947, which reads:

> "Orders respecting custody of children. In an action for divorce the court or judge may, before or after judgment, give such direction for the custody, care, and education of the children of the marriage as may seem necessary or proper, and may at any time vacate or modify the same."

As we stated in Barbour v. Barbour, 134 Mont. 317, 324, 330 P.2d 1093:

> "The effect of R.C.M. 1947, section 21-138, is to make all child custody orders interlocutory in nature, discretionary with the district court, and conditioned by what the district court in its sound discretion believes to be for the well-being of the child concerned. * * *"

This does not contemplate, however, that due process should not be observed. Here we have a show cause order for nonsupport, no request for a change of custody; nothing in the pleadings to indicate a change in custody was sought.

- 3 -

The language used by the Supreme Court of Maine in

Remick v. Rollins, 141 Me. 65, 38 A.2d 883, 884, appears par-

ticularly appropriate:

> "There was no prayer in the petition to change
> any provision of the original decree as to
> custody and visitation of the children, but the
> new decree makes an alteration in that respect.
> Established practice gives parties a right to
> assume that no change will be made on an issue
> which is not formally presented to the Court
> by the petition or pleadings."

To the same effect is the statement contained in Scott v. Scott,

174 Iowa 740, 156 N.W. 834, 836, wherein the Iowa court held:

> "The modification of the decree, by striking
> therefrom the provision relating to the cus-
> tody of the child, was without authority.
> This order was entered at the term follow-
> ing that at which the decree was entered,
> and therefore could not properly have been
> made on the court's own motion or without
> notice to the plaintiff."

In Welch v. Welch, 256 Iowa 1020, 129 N.W.2d 642, 643, the Iowa

court in ruling in the same vein, stated:

> "Nothing in the application or amendment
> thereto sets out any change of circumstances
> since the divorce decree was entered that
> supports a change in its custody provisions
> nor indicates a desire therefor. The issue
> of custody was not raised. * * *"

Respondent cites the case of Pearce v. Pearce, (1904)

30 Mont. 269, 76 P. 289, as authority for the proposition that

the court on its own motion may inquire into the facts respect-

ing child custody and make an appropriate order. We must bear

in mind that in Pearce both parties were before the court and

the issue raised by the pleadings was that a change of custody

- 4 -

of the minor child should be made to the father, and such prayer was granted and the ex-wife appealed. In the course of its opinion this Court stated:

> " * * * If it makes a mistake in the first instance, it may and should remedy the same, upon a proper showing, as soon thereafter as possible; and the law, in its beneficence, and with a tender care for the infants, has provided the means * * *." (Emphasis ours.)

In Brice v. Brice (1915), 50 Mont. 388, 147 P. 164, this Court, citing Pearce as authority, stated:

> " * * * Under section 3678 the court may, in any case, before or after judgment, make such provision for the child as the circumstances require; for though under the decree the husband may be relieved entirely from any obligation to provide for the wife, the court may nevertheless, under section 3678, upon proper application, make such order for their custody and maintenance as the circumstances justify. * * *" (Emphasis ours.)

No such proper application had been made to the court in the cause here being considered.

We are not here dealing with complaints made to the court with respect to lack of care and maintenance by public authorities; certainly in such instances the court upon such showing may make any and all orders necessary and proper to see that the child's custody is temporarily placed where it can be cared for; thereafter giving notice to the parents as provided by law, and if a permanent change in custody appears to the court to be necessary then due process requires that an application be made for that purpose and proper notice of such application be given.

We hold that the court here erred in changing the custody provisions in the nonsupport contempt proceeding and that portion of the court's order of November 5, 1971, is annulled and held for naught. Let a writ issue.

_____
Chief Justice

We concur:

_____

_____

_____
Associate Justices

_____
Hon. Jack Shanstrom, District
Judge, sitting in place of Mr.
Justice Wesley Castles.