No. 90-035

IN THE SUPREME COURT OF THE STATE OF MONTANA

1990

DONALD J. TIGART,
      Plaintiff and Respondent,
-vs-
RICHARD J. THOMPSON,
      Defendant and Appellant.
and
DOUGLAS C. BROOKINGS,
      Plaintiff and Respondent,
-vs-
DICK THOMPSON,
      Defendant and Appellant,

RICHARD J. THOMPSON,
      Third-Party Plaintiff and Appellant,
-vs-
DONALD J. TIGART,
      Third-Party Defendant and Respondent.

**FILED**

AUG 2 0 1990

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:    District Court of the Ninth Judicial District,
                In and for the County of Pondera,
                The Honorable R.D. McPhillips, Judge presiding.


COUNSEL OF RECORD:

        For Appellant:

                Lon  T.  Holden,  Jardine,  Stephenson,  Blewett  &
                Weaver, , Great Falls, Montana

        For Respondent:

                Philip J. O'Connell, Thueson Law Office, Helena,
                Montana

                Patricia O'Brien Cotter, Cotter & Cotter, Great
                Falls, Montana


                                Submitted:  July 13, 1990

                                Decided:  August 20, 1990

Filed:


_____
                Clerk

Justice John C. Sheehy delivered the Opinion of the Court.

Richard J. Thompson appeals from the judgment of the District Court, Ninth Judicial District, Pondera County, awarding respondents attorney fees and costs. We affirm the District Court.

The sole issue is the award of attorney fees and costs under the authority of § 37-61-421, MCA.

The issue of attorney fees and costs was before this Court originally in Tigart v. Thompson (1989), 237 Mont. 468, 774 P.2d 401. That portion of the appeal was dismissed without prejudice for being premature, as the award was not yet in the form of a final order. Rule 1, M.R.App.P. We set out here only those facts necessary for the review of this issue.

Suit was initiated by respondents Donald Tigart and Douglas Brookings as the result of a truck accident in Conrad, Montana, on January 4, 1985. Respondents alleged that Richard Thompson negligently entered a highway when the conditions were icy, causing the pickup driver Tigart to slide into a ditch to avoid a collision. Thompson was unaware of any accident until contacted by investigating officers. Thompson maintained throughout discovery and pretrial proceedings that he knew nothing of the accident, had no knowledge of any actions or circumstances of the day in question and had no independent recollection of being in the vicinity of the accident that day. Thompson further denied giving statements to anyone other than the investigating officer. Counsel for Thompson stated that her client would not refute any of Tigart's contention of what transpired on the day of the accident.

However, at trial, counsel for Thompson took issue in opening statement with Tigart's contentions as to where and with what care Thompson entered the highway, the road conditions that day, and asserted as a defense that Tigart was driving too fast for conditions.

It came to light after the first week of trial that Thompson had in fact given a statement to his insurance carrier, Safeco Insurance Company, eleven days after the accident. The statement was revealed when counsel for Tigart subpoenaed the insurance adjuster and his records. Defense counsel notified the court and counsel of the statement's existence just prior to the adjuster's testimony.

The statement contained several inconsistencies when compared to the contentions made in defendant's opening statement. As a result, plaintiffs moved for a new trial based on surprise and for personal sanctions against defense counsel for concealment of evidence. No sanction was imposed; however, when a verdict for the defense was returned by the jury, the lower court granted plaintiffs' motion for a new trial. In addition, the court awarded plaintiffs attorney fees and costs associated with the first trial. The lower court's award of attorney fees and costs, pursuant to § 37-61-421, MCA, in the amount of $31,275.97 is the subject of this appeal.

In its order of April 24, 1988, the District Court stated:

> It is hereby ordered that the motion to award monetary sanctions against Safeco Insurance Company in favor of Douglas Brookings and Donald Tigart is denied. It is

ordered, however, that Safeco Insurance Company is ordered to pay the plaintiffs' reasonable attorney fees and costs incurred during the first trial, including attorney fees and costs incurred between the close of discovery and the commencement of trial (which would be spent primarily in trial preparation), and attorney fees and costs incurred in obtaining a new trial.

The court based its award on § 37-61-421, MCA, which states:

An attorney or party to any court proceeding who, in the determination of the court, multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorney fees reasonably incurred because of such conduct.

The District Court went on to state that:

Here, the failure of Safeco Insurance Company to produce the tape-recorded statement of Thompson, despite multiple requests by the plaintiffs to do so, prevented the plaintiffs from having a fair trial, required the post-trial motions, and necessitated this second trial. The court is convinced had the tape been produced prior to trial, plaintiff may well have altered the presentation of his case with perhaps substantial expectation of different results. Safeco's conduct was "unreasonable" and therefore, under the statute, it should pay these expenses.

Appellant contends that such an award, under § 37-61-421, MCA, is improper for a number of reasons: (1) No sanctions were imposed by the District Court; (2) Safeco is not a "party" under the meaning of § 37-61-421, MCA; and, (3) an award of attorney fees is improper where plaintiff is represented on a contingency fee basis.

Appellant asserts that, as the court specifically determined no sanctions to be in order, § 37-61-421 is misapplied in this instance. Appellant states that, as the statute requires an attorney or party to have "unreasonably and vexatiously" multiplied

4

the proceedings, the court's order is inconsistent. The District Court, states Thompson, neither found that Safeco intentionally withheld the statement nor that it failed to produce it in the proper manner once it was discovered. Therefore, Safeco's inadvertance cannot be considered to have met the standard of being "vexatious."

We disagree with appellant's contention. The District Court, in its order of April 29, 1988, stated that "the defendant has prevented the plaintiffs from receiving a fair trial and created unfair surprise at trial by withholding a major item of evidence . . ." The District Court further stated that "Safeco Insurance Company's tactic of concealing the Thompson statement" violated the principle of pretrial discovery. The District Court's order does not speak of "inadvertence" as appellant maintains, but of tactical conduct at odds with the letter and spirit of pretrial discovery. Such withholding is certainly both unreasonable and vexatious. It was within the District Court's discretion to award costs and attorney fees under § 37-61-421, MCA. We find no abuse of that discretion here.

Appellant next contends that Safeco is not a "party" as envisioned by § 37-61-421, and cannot be held responsible for the attorney fees and costs. Again, we must disagree with appellant's contention.

In Jessen v. O'Daniel (D. Mont. 1962), 210 F.Supp. 317, 331, Judge William Jameson held that insurance contracts "have the effect of placing absolute and exclusive control over the

5

litigation in the insurance carrier." This Court followed that reasoning in Safeco Insurance Co. v. Ellinghouse (1986), 223 Mont. 239, 725 P.2d 217, holding that the insurance carrier has "the correlative duty to exercise diligence, intelligence, good faith, honest and conscientious fidelity to the common interest of the parties." If an insurer may be held liable for the actions of its attorney, as was the case in Ellinghouse, under a theory of agency, it is axiomatic that the insurer may be responsible for costs, expenses and attorney fees when the insurer "multiplies the proceedings in any case unreasonably and vexatiously." Safeco was in possession of Thompson's statement from two weeks following the accident until the trial, and it was easily discoverable by Safeco.

Appellant next contends that an award of attorney fees was inappropriate in this instance. Appellant states that an award of attorney fees under § 37-61-421, MCA, is required to satisfy "attorney fees reasonably incurred." As counsel for both of the respondents were working on a contingency fee basis, and the trial resulted in a defense verdict, appellant maintains that no attorney fees resulted.

We disagree with appellant's reasoning. The District Court held that the respondents were denied a fair trial due to appellant's conduct. The attorney fees and costs were unnecessarily multiplied by that conduct, a situation expressly addressed in the statute. The liability of Safeco for attorney fees arises not from the fee contract between the other parties and their attorneys, but from a liability imposed by statute. It is

the multiplication of proceedings unnecessarily that § 37-61-421, MCA, was meant to curb.  We affirm the District Court.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____

_____

_____
Justices

7