No. 95-027

IN THE SUPREME COURT OF THE STATE OF MONTANA

1995

DONNA JAKOBSON,

        Petitioner and Appellant,

  v.

EARNEST HOLTHUSEN and THE
MONTANA DEPARTMENT OF PUBLIC
HEALTH AND HUMAN SERVICES,
CHILD SUPPORT ENFORCEMENT DIVISION.

        Respondents and Respondents.

FILED

NOV 14 1995

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:  District Court of the Fourth Judicial District,
               In and for the County of Missoula,
               The Honorable Ed McLean, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

      Richard R. Buley, Tipp & Buley, Missoula, Montana

      For Respondent:

      Paulette C. Ferguson, Missoula, Montana; John McRae,
      Dept. of Social & Rehabilitation Services, Child
      Support Enforcement Division, Missoula, Montana

Submitted on Briefs:  September 7, 1995

Decided:  November 14, 1995

Filed:

_____
            Clerk

Justice William E. Hunt, Sr. delivered the Opinion of the Court.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1995 Internal Operating Rules, the following decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of this Court and by a report of its result to State Reporter Publishing Company and West Publishing Company.

Appellant Donna Jakobson (Donna) moved the Fourth Judicial District Court, Missoula County, for return of certain "wrongfully held" funds collected by the respondent Child Support Enforcement Division (C.S.E.D.). At the same time, Donna further moved the District Court for an order "updating her money judgment" against her ex-husband, respondent Earnest Holthusen (Earnest). After a hearing, the District Court denied both motions and found that Donna had not presented any new evidence nor raised any new issues. The court then ordered Donna to pay fees, costs, and sanctions totalling $6,365.50. Donna appeals.

We affirm.

Donna and Earnest married in 1976 and divorced in 1980. They have two daughters. Since the time of their divorce, Donna and Earnest have been involved in repeated and protracted litigation over payment of child support.

For several years following the divorce, Donna received Aid to Families with Dependant Children (A.F.D.C.) because Earnest failed to pay his court-ordered child support. In order to receive A.F.D.C. benefits, the C.S.E.D. required Donna to assign to it her right to collect the delinquent child support. When Earnest began

2

paying off his delinquent child-support debt, the C.S.E.D. retained the payments pursuant to the assignment Donna had executed, and used the money to reimburse the State for the A.F.D.C. benefits Donna had received.

In an order dated April 22, 1992, the District Court found that the C.S.E.D. could lawfully retain delinquent child support if the mother has executed such an assignment. Donna appealed that finding, among others, to this Court. In In re the Marriage of Jakobson (1993), 259 Mont. 42, 854 P.2d 333, (Jakobson I), this Court affirmed the order of the District Court in its entirety.

By 1994, the younger of the parties' two daughters was living with an aunt. Because of the change in this daughter's living arrangements, the C.S.E.D. began paying that child's portion of the child support to the aunt instead of to Donna.

On August 25, 1994, Donna moved the District Court for an order requiring the C.S.E.D. to pay her $1,187 that she claimed it "wrongfully held." On the same day, she moved the court to "update her money judgment" against Earnest to add $1,308 in alleged unpaid support from 1991 and $1,500 in alleged unpaid health insurance from 1991 and 1992. After a hearing, the District Court found that Earnest was current in his child support obligations and that Donna had not raised any new issues or presented any new evidence. The court therefore denied her motions and ordered her to pay fees, costs, and sanctions.

The sole issue on appeal is whether the District Court erred by ordering Donna to pay fees, costs, and sanctions.

3

Section 37-61-421, MCA, provides:

> An attorney or party to any court proceeding who, in the determination of the court, multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorney fees reasonably incurred because of such conduct.

This Court will not disturb a district court's award of attorney's fees and costs absent a showing that the district court abused its discretion. In re Marriage of Rager (1994), 263 Mont. 361, 868 P.2d 625; Tigart v. Thompson (1990), 244 Mont. 156, 796 P.2d 582.

Rule 11, M.R.Civ.P. provides:

> A party who is not represented by an attorney shall sign the party's pleading, motion, or other paper . . . The signature of an attorney or party constitutes a certificate by the signer that the signer has read the pleading, motion, or other paper; that to the best of the signer's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

A district court's legal conclusion that the facts constitute a violation of Rule 11 will be reversed only if the determination constitutes an abuse of discretion. D'Agostino v. Swanson (1990), 240 Mont. 435, 446, 784 P.2d 919, 926.

The basis for Donna's first motion, titled "Motion for Return of Funds Wrongfully Held by C.S.E.D.", is unclear. Earnest alleges this motion was an attempt to recoup the child support which the aunt received for the care of the younger daughter, but we are unable to positively establish from the record Donna's specific theory of recovery. This motion was not addressed at the hearing,

4

and Donna's brief on appeal refers to only one motion, characterizing it as "a motion to determine the amount of child support arrearage owed to her."

While Donna's intent in filing this first motion is unclear, its effect was obvious. Because of the motion, the C.S.E.D. was required to involve itself in this matter again, and to appear and defend itself.

Donna's second motion requested that the Court "update her judgment" to reflect certain money she alleged Earnest owed her from 1991 and 1992. Pursuant to this motion, the court held a hearing and required the C.S.E.D. to account for the money Earnest paid to it and to explain how the money was being disbursed. At the hearing, it was again established that Donna had assigned her right to delinquent support to the C.S.E.D. It was further established that Earnest was current in his support obligations.

Like the District Court, we are unable to discover any new grounds by which Donna may claim that either the C.S.E.D. or Earnest owes her any more money. All the issues Donna raised in her motions were decided by Jakobson I.

In Jakobson I, this Court held that when Donna signed the "Notice of Assignment of Rights" which allowed her to receive A.F.D.C., she transferred all rights she might have had in delinquent child support over to the State. Jakobson, 854 P.2d at 334. Therefore, even if Earnest were still required to pay delinquent support, he would owe it to the C.S.E.D., not to Donna. Because this assignment was clearly established by Jakobson I, the

5

District Court concluded Donna's motion was not well-grounded in law. In addition, the C.S.E.D. presented testimony showing that Earnest is not delinquent in his support. For this reason, the District Court also concluded Donna's motion was not well-grounded in fact. These conclusions are supported by the facts in this case, and do not constitute an abuse of the district court's discretion. The Rule 11 sanctions imposed were justified.

Further, the District Court awarded costs and fees to Earnest and the C.S.E.D. because, although Donna raised no new issues and presented no new evidence, the respondents were nevertheless required to expend time and money in order to defend themselves. It was not an abuse of discretion for the court to require Donna to pay these expenses.

Finally, we note that Donna was given ample notice and warning by the District Court that continued frivolous or unfounded litigation would result in fees, costs, and sanctions being assessed against her. A 1991 order informed the parties that "[s]hould either party . . . frivolously bring further action before the Court, the party shall be subject to sanction by the court and an award of attorneys fees to the prevailing party." In March 1992, the parties were warned in open court that "from now on . . . the party who prevails will have fees paid by the other side, and if it is a frivolous [motion] that comes before this Court, I will impose sanctions." In an April 1992 order, the court again warned the parties that "the party that prevails in any subsequent court action will have fees paid by the other party. The Court

6

will order sanctions if a frivolous proceeding is brought before the Court."  And in June 1992, the court warned Donna bluntly: "you have been coming into court with frivolous motions contesting everything that does not please you in the slightest regard, and it is coming to a screeching halt."

Donna was given ample notice that further frivolous or vexatious litigation would not be tolerated.  Despite that notice, she brought two motions that attempted to relitigate the issues settled by Jakobson I.  Although the motions had no basis in law or in fact, Earnest and the C.S.E.D. nevertheless had to defend themselves, incurring expenses and wasting both their own and the District Court's time.  The court did not abuse its discretion by ordering Donna to pay fees, costs, and sanctions.

Affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

7