DA 10-0392

IN THE SUPREME COURT OF THE STATE OF MONTANA

2011 MT 124

IN RE THE MARRIAGE OF
KAREN LYNCH STEVENS,

   Petitioner and Appellee,

 and

RODNEY N. STEVENS,

   Respondent and Appellant.

APPEAL FROM: District Court of the Ninth Judicial District,
       In and For the County of Toole, Cause No. DR 08-005
       Honorable Laurie McKinnon, Presiding Judge

COUNSEL OF RECORD:

   For Appellant:

      Rodney N. Stevens, (self-represented); Shelby, Montana

   For Appellee:

      Karen Lynch Stevens, (self-represented); Shelby, Montana

         Submitted on Briefs: March 23, 2011

             Decided: June 7, 2011

Filed:

            Clerk

Justice Beth Baker delivered the Opinion of the Court.

¶1     Rodney Stevens (Rodney) appeals from the District Court's January 12, 2010, order declining to hold Karen Lynch Stevens (Karen) in contempt and directing her to clear title to Rodney's vehicle or face entry of a judgment against her.

## FACTUAL AND PROCEDURAL BACKGROUND

¶2     Karen filed a petition for dissolution of marriage on February 25, 2008. The District Court entered a temporary economic restraining order prohibiting any transfer by the parties of their assets during the pendency of the proceedings.

¶3     On May 8 and July 17, 2008, the District Court held a hearing on the petition for dissolution at which both parties appeared pro se. Due to Rodney's incarceration, he appeared via Vision Net on both dates of the hearing. Rodney appointed Florence Majerus as his attorney in fact to handle any transfers of his property. Although each party claimed entitlement to various items of property, the subject of this appeal is the right to possess a 2003 Chevrolet Duramax truck titled in Karen's name. Both parties claimed an ownership interest in the truck. Karen contended she contributed money for the truck from her personal retirement account. Rodney provided documentation evidencing the sale of his house prior to the marriage and his use of premarital funds to purchase the truck.

¶4     On November 25, 2008, the District Court entered a final decree of dissolution. The court found the truck was purchased with Rodney's premarital funds and awarded him all right and title in the truck. The decree ordered Karen to execute the necessary document transfers to ensure that title to the vehicle was in Rodney's name, and directed

2

the Motor Vehicle Registrar to issue sole title to Rodney if title had not been transferred by thirty days from the date of the decree. On December 4, 2008, the District Court ordered Karen to deliver the truck to the Toole County Sheriff's Office and directed her to transfer the title in an expeditious manner. On December 11, 2008, the court denied Karen's motion for new trial or amendment of the judgment.

¶5 On January 9, 2009, Karen filed, through counsel, a notice of appeal from the District Court's order denying her motion for new trial. After obtaining an extension of time to file the opening brief, counsel was granted leave to withdraw on June 9, 2009. After additional extensions of time, Karen's appeal was dismissed with prejudice on August 11, 2009, for failing to comply with the Montana Rules of Appellate Procedure.

¶6 On August 14, 2009, Rodney requested the District Court to enforce its dissolution decree and property distribution order. The court set a show cause hearing on September 3, 2009, for Karen to explain why she should not be held in contempt for failure to abide by the court's orders and be held liable for damages to Rodney for her continued use of the truck. Despite receiving notice of the hearing and being provided the opportunity to appear via Vision Net, Rodney was not present because he had been dispatched by correctional authorities to fight fires. At the September 3, 2009 hearing, Karen testified that her attorney advised her not to return the truck until after the Supreme Court appeal was complete. The District Court ordered Karen to deliver the truck and the keys to the sheriff's office by 5:00 p.m. that day. Sometime after September 3, 2009, Karen transferred the truck to the sheriff's office and Florence Majerus took possession of the vehicle.

3

¶7     On September 18, 2009, the District Court ordered Karen to deliver title to the truck to the sheriff's office before 5:00 p.m. on Wednesday, September 23, 2009, or the court would consider initiating contempt proceedings. However, the title could not be transferred because Karen already had transferred the title to her mother, Ms. Kennedy, who placed a bank lien on the vehicle.

¶8     On December 17, 2009, the District Court held another show cause hearing for Karen to explain why title to the truck had not been transferred as directed by the court's prior orders and to address the actions of Karen and Ms. Kennedy. There is no documentation in the record of an order setting the December 17 hearing or indicating any notice was given in advance, and Rodney was not present. Karen and Ms. Kennedy explained to the court that they had taken out a loan on the truck with First State Bank of Shelby in order to hire a lawyer for Karen's appeal of the dissolution. Ms. Kennedy stated she had the ability to repay the loan and was making payments. The District Court expressed concern at the hearing that the order was going to be difficult to enforce with a third-party lien having been placed on the truck.

¶9     On January 12, 2010, the District Court issued a written order in which it determined that Karen's violation of the economic restraining order was a result of advice she received from counsel. The court stated, "It would be unproductive and ineffective to impose a penalty for violation of a court order by finding Petitioner in contempt and imposing a fine."

¶10    Instead of holding Karen in contempt for violating the restraining order, the District Court ordered Karen to remove any and all liens on the truck and to secure a new

4

Certificate of Title on or before February 27, 2010. The court further ruled that if Karen failed to do so, a judgment would be entered against her in the amount of $21,000, the sum contributed by Rodney from pre-marital funds to purchase the truck. On March 15, 2010, after Karen filed notice that she would be unable to pay off the bank loan until February 2011, the District Court entered judgment against Karen in the amount of $21,000 with interest at the rate provided by law.

¶11 Rodney claims that on April 12, 2010, Karen retook possession of the vehicle with the assistance of the sheriff. The record shows that the Clerk of Court issued a Writ of Execution on May 7, 2010, requiring the sheriff to satisfy the judgment out of Karen's personal or real property. The sheriff was unable to collect from Karen or her employer. Rodney requested another writ of execution from the District Court and attempted to initiate fraud charges against Karen. The District Court stated that it could "do neither."

¶12 We granted Rodney leave to file an out of time appeal. Karen did not file a brief on appeal.

**STANDARD OF REVIEW**

¶13 We first examine the record to determine whether the district court acted within its jurisdiction. *Woolf v. Evans*, 264 Mont. 480, 483, 872 P.2d 777, 780 (1994) (citing *In re Pedersen*, 261 Mont. 284, 288, 862 P.2d 411, 414 (1993)). We review a district court's refusal to hold a party in contempt for blatant abuse of discretion. *In re Marriage of Lutes*, 2005 MT 242, ¶ 7, 328 Mont. 490, 121 P.3d 561. We exercise plenary review of constitutional questions. *In re Mental Health of T.J.F.*, 2011 MT 28, ¶ 16, 359 Mont. 213, 248 P.3d 804.

## DISCUSSION

¶14  On appeal, Rodney contends the District Court erred when it failed to hold Karen accountable for violating the economic restraining order and when it allowed Karen to repossess the vehicle.  Rodney also argues that his right to due process was violated because he did not receive notice of the September 3, 2009, and December 17, 2009, hearings.

¶15  As a general rule, contempt orders are final and not reviewable by this Court except by writ of certiorari.  Section 3-1-523, MCA.  However, where one party's contemptuous conduct may lead not only to an order of contempt, but also to an ancillary order which affects the substantial rights of the parties, the Court may exercise appellate review.  *Woolf*, 264 Mont. at 483, 872 P.2d at 779; *Lee v. Lee*, 2000 MT 67, ¶ 37, 299 Mont. 78, 996 P.2d 389; § 3-1-523(2), MCA; M. R. App. P. 6(3)(j).  Because the District Court's January 12, 2010, order affected Rodney's right to possession and valid title of the truck, we proceed to review his appeal.

¶16  A district court has the responsibility to enforce its own orders.  *In re Marriage of Baer*, 1998 MT 29, ¶ 45, 954 P.2d 1125 (citing *In re Marriage of Boyer*, 274 Mont. 282, 289, 908 P.2d 665, 669 (1995)).  We have stated consistently that contempt is a discretionary tool of the court to enforce compliance with its decisions. *Id.*  We also have observed the court's power to inflict punishment by contempt is necessary to preserve the dignity and authority of the court.  *Id.*; *Woolf*, 264 Mont. at 483, 872 P.2d at 779.  Accordingly, where a district court has found that there is no such need to enforce compliance with its order or that the actions of a party do not present a challenge to its

6

dignity and authority, we will not reverse its decision absent a blatant abuse of discretion. *Id.*

¶17 In its January 12, 2010, order, the District Court determined that, despite Karen's violation of the restraining order, it would be "unproductive and ineffective" to hold her in contempt of court. The court instead required Karen to return the truck or face a substantial judgment in Rodney's favor. Rodney argues, had he been given the opportunity to present evidence that Karen lied during the contempt hearings, the court would not have made a determination based only on Karen's testimony. Rodney attached to his brief on appeal a letter from Karen's former attorney denying that he had advised her to violate the restraining order. However, that letter was not before the District Court and we cannot consider it on this appeal. M. R. App. P. 8; *State v. St. Dennis*, 2010 MT 229, ¶ 38, 358 Mont. 88, 244 P.3d 292.

¶18 Rodney argues his right to due process was violated by the District Court's failure to provide him with notice of the contempt hearings on September 3, 2009, and December 17, 2009. The United States and Montana Constitutions ensure that "[n]o person shall be deprived of life, liberty, or property without due process of law." Mont. Const. art. II, § 17; U.S. Const. Amend. V. Due process requires notice and the opportunity to be heard "at a meaningful time and in a meaningful manner." *Mont. Power Co. v. Pub. Serv. Commn.*, 206 Mont. 359, 368, 671 P.2d 604, 609 (1983) (quoting *Matthews v. Eldridge*, 424 U.S. 319, 333, 96 S. Ct. 893, 902 (1976), and *Armstrong v. Manzo*, 380 U.S. 545, 552, 85 S. Ct. 1187, 1190 (1965)); *In re Marriage of Fishbaugh*, 2002 MT 175, ¶ 15, 310 Mont. 519, 52 P.3d 395 (citation omitted). Notice must be

"reasonably calculated to inform parties of proceedings which may directly and adversely affect their legally protected interests." *Mont. Power Co.*, 206 Mont. at 368, 671 P.2d at 609 (citation omitted). We have invalidated a district court order as a violation of due process where a person's rights under a prior judgment were ancillary to a contempt proceeding and affected by the court's contempt order. *State ex rel. Shelhamer v. Dist. Ct.*, 159 Mont. 11, 15, 494 P.2d 928, 930 (1972).

¶19    In *Shelhamer*, the plaintiff executed an affidavit accusing the defendant of failing to pay support as required by the dissolution decree. *Shelhamer*, 159 Mont. at 12, 494 P.2d at 929. The district court issued an order to show cause and both plaintiff and defendant appeared at the hearing. *Id.* During the hearing, the court expressed dissatisfaction with the custody provisions in the original decree and, over objections of defense counsel, directed a change in custody. *Id.* This Court reversed because the show cause order was directed at the defendant's failure to make support payments, not a change in custody, and nothing in the pleadings indicated any change in custody was sought. *Id.* We determined the defendant was not given adequate notice or opportunity to be heard regarding custody and the district court erred in changing custody provisions during a contempt proceeding for nonsupport. *Id.* at 15, 494 P.2d at 930.

¶20    Like *Shelhamer*, the District Court's order in this case affected substantive provisions of the decree of dissolution. The court effectively modified the decree's provisions directing the distribution of property without any request by either party for such a modification. In *Shelhamer*, notwithstanding the defendant's presence at the hearing, we found error in the modification of custody because he was not given notice

8

that substantive provisions of the decree would be considered. Here, though the record shows Rodney received notice of the September 3, 2009 hearing, it contains no indication of notice issued by the court of the show cause hearing on December 17, 2009. With no evidence to the contrary, it appears Rodney was not given notice of the hearing or an opportunity to be heard.

¶21 The District Court had broad discretion to determine whether or not to hold Karen in contempt for non-compliance with the decree. Although the court acted within its discretion in refusing to issue a contempt order, the court did not have authority to modify the distribution of property under its prior decree without notice to both parties and an opportunity to be heard, and it erred in doing so.

¶22 Nonetheless, we must consider whether Rodney was prejudiced by the lack of notice of the December 17 hearing. An error must cause "substantial prejudice" to warrant reversal. *In re S.C.*, 2005 MT 241, ¶ 29, 328 Mont. 476, 121 P.3d 552 (citing *Tipp v. Skjelset*, 1998 MT 263, ¶ 16, 291 Mont. 288, 967 P.2d 787). Having concluded that clear title to the truck could not be secured because of the bank lien, and noting it had no jurisdiction in the case to enter orders affecting the bank's interest in the property, the District Court awarded Rodney the equivalent sum of money that he had expended to purchase the truck. The effect of the court's order was to make Rodney whole for the premarital funds he contributed. With judgment in hand, Rodney is not without recourse, since his right of execution on the judgment continues for ten years after its entry. Sections 25-13-101 and 27-2-201(1), MCA. Under the process by provided by law, *see* Title 25, chapter 13, MCA, Rodney may satisfy the judgment from any property Karen

9

owns or subsequently acquires that is not otherwise exempt from execution. Sections 25-13-608 through -609, MCA. We therefore conclude that Rodney was not prejudiced by the District Court's ruling, since the court entered judgment in his favor.

¶23 Affirmed.


/S/ BETH BAKER


We concur:


/S/ MIKE McGRATH
/S/ PATRICIA COTTER
/S/ JAMES C. NELSON
/S/ BRIAN MORRIS