FILED

May 20 2015

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 14-0637

DA 14-0637

IN THE SUPREME COURT OF THE STATE OF MONTANA

2015 MT 129N

MATTER OF MARRIAGE OF
SHEILAGH MARGARET SICHTING,

        Petitioner and Appellee,

   v.

SHANE DOUGLAS SICHTING and JAMES SICHTING,

        Respondents and Appellants.

APPEAL FROM:    District Court of the Nineteenth Judicial District,
                In and For the County of Lincoln, Cause No. DR 06-123
                Honorable James B. Wheelis, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

            Shane Douglas Sichting (Self-Represented), Edgefield, South Carolina

        For Appellee:

            Sheilagh Margaret Sichting (Self-Represented), Billings, Montana

                       Submitted on Briefs:  April 8, 2015
                              Decided:  May 12, 2015

Filed:

                                      Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by unpublished opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     The issue on appeal is whether the District Court erred when it concluded that it did not have jurisdiction over a third-party serving as a receiver in the dissolution proceeding.

¶3     Sheilagh Sichting filed for dissolution in December 2006. The parties were represented by counsel only sporadically throughout their dissolution. A trial began in August 2007; however, midway through the trial, federal law enforcement officers arrested Shane Sichting for attempting to arrange the murder of Sheilagh. Shane was found guilty and currently is incarcerated at a federal penitentiary. Shane's father, James Sichting, was joined as a co-respondent and James acted on behalf of Shane with respect to his personal property.

¶4     During the pendency of the dissolution, the court appointed Frederick Jaqueth as the receiver of the property and tasked him with inventorying and securing the parties' personal property. In August 2008, Mr. Jaqueth filed a preliminary inventory based upon his personal inspection of the property, as well as discovery responses and information provided by Sheilagh. He noted his belief that some of the marital property was no

longer available and may have been transferred to third parties. The District Court entered a final decree of dissolution on December 7, 2011.

¶5 Shane filed a number of motions after the District Court entered the final decree in the dissolution. In October 2012, Shane petitioned the District Court, asking the Court to order Mr. Jaqueth to file a final accounting and justify his actions. The District Court issued an order stating that it did not have jurisdiction to enter further orders in the dissolution case.

¶6 In November 2013, Shane filed a motion to compel in the District Court. Shane asked the District Court to compel Mr. Jaqueth to disburse the property in accordance with the final decree. The District Court denied the motion without prejudice, concluding again, that the District Court did not have jurisdiction over a person named as a receiver who maintains that he has discharged his duties.

¶7 Finally, in June 2014, Shane filed a motion for judgment and execution of judicial order. In the motion, Shane reiterated his previous claims that Mr. Jaqueth had erroneously given Sheilagh property that the District Court awarded to him in the dissolution. He also argued that the District Court retained jurisdiction over the proceedings and that he sought only to have the orders enforced and to determine the liability of the individuals acting against the District Court's orders. The District Court denied the motion without prejudice for the same reasons stated in the previous orders—lack of jurisdiction. Shane appeals from the order denying his motion for judgment and execution of judicial order.

¶8　This court reviews a district court's conclusions of law for correctness. *In re Marriage of Heidema*, 2007 MT 20, ¶ 8, 335 Mont. 362, 152 P.3d 112 (citation omitted). To act within its jurisdiction, a court must have: "(1) cognizance of the subject matter; (2) presence of the proper parties; and (3) the court's action must be invoked by proper pleadings and judgment within the issues raised." *Lee v. Lee*, 2000 MT 67, ¶ 20, 299 Mont. 78, 996 P.2d 389 (citation omitted).

¶9　"A district court has the responsibility to enforce its own orders." *In re Marriage of Stevens,* 2011 MT 124, ¶ 16, 360 Mont. 494, 255 P.3d 154 (citations omitted). However, in the family law context a court's continuing jurisdiction is typically limited to "matters of maintenance, support, property disposition, and child custody." *Lee,* ¶ 49 (citation omitted). Issues in a dissolution focus on "whether the marriage is irretrievably broken and, if so, how to allocate marital assets between the parties and provide maintenance and child support if applicable." *Heidema*, ¶ 13. The only proper parties in a dissolution proceeding are the spouses seeking the divorce. *Heidema*, ¶ 13.

¶10　Shane's post-judgment motions to the District Court focus primarily on Mr. Jaqueth, the appointed receiver. The District Court correctly determined that it did not have authority over Mr. Jaqueth, as he was not a party to the dissolution proceeding. The District Court's jurisdiction was limited to apportioning the marital assets between the parties and determining issues of child custody and support. Issues involving the liability of third-parties such as Mr. Jaqueth were outside the District Court's jurisdiction. We affirm the District Court, but without prejudice as to Shane's ability to pursue a contempt

order against Sheilagh if he has grounds for a claim that she has possession of property that he was awarded in the final decree.

¶11 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for unpublished opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶12 Affirmed.

/S/ MIKE McGRATH

We Concur:

/S/ PATRICIA COTTER
/S/ BETH BAKER
/S/ JAMES JEREMIAH SHEA
/S/ JIM RICE