FILED

05/23/2023

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 22-0553

DA 22-0553

IN THE SUPREME COURT OF THE STATE OF MONTANA

2023 MT 95N

IN RE THE MARRIAGE OF:

MIKI L. ADAMS,

        Petitioner and Appellee,

   and

DIRK S. ADAMS,

        Respondent and Appellant.

APPEAL FROM:    District Court of the Sixth Judicial District,
In and For the County of Park, Cause No. DR-2020-43
Honorable Jon A. Oldenburg, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

            Dirk S. Adams, Self-Represented, Cambridge, Massachusetts

        For Appellee:

            Adrienne Ellington, Law Office of Adrienne Ellingson, PLLC, Bozeman, Montana

            Jami Rebsom, Jami Rebsom Law Firm, P.L.L.C., Livingston, Montana

Submitted on Briefs:  April 26, 2023

Decided:  May 23, 2023

Filed:

_____
Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Dirk Adams (Dirk) appeals from the Findings of Fact, Conclusions of Law, and Decree of Dissolution filed by the Sixth Judicial District Court on September 27, 2021. Dirk also appeals from the court's Order on Post-Trial Motions and Issues filed on April 18, 2022. Dirk specifically appeals from the court awarding Miki Adams (Miki) a portion of her attorney's fees, the court declaring Dirk a vexatious litigant, and the court extending a No-Contact Order against Dirk. We affirm.

¶3 On October 6, 2013, Miki and Dirk were married in Montana.[1] Miki's terminal degree is a high school diploma. Dirk's terminal degree is a juris doctorate from Harvard Law School.

¶4 On May 11, 2020, Miki filed a Petition for Dissolution of Marriage.

¶5 The District Court specifically noted that in advance of a bench trial, Dirk "made hundreds of filings in this action,"—contributing to an "overly contentious dissolution, based upon [the District] Court's experience." Dirk also "sued Miki in numerous

---

[1] The following facts were found by the District Court.

2

jurisdictions over numerous claims that somehow only became viable when she filed for dissolution."

¶6 Among Dirk's "hundreds of filings" and legal actions related to this matter, Dirk petitioned the Cambridge District Court in Massachusetts for an Order of Protection.

¶7 While pending, Dirk reported a violation of the Temporary Order of Protection in Massachusetts. Miki was charged with a criminal offense for that subsequently dismissed violation. Miki had to retain legal counsel in Massachusetts to contest those charges. The court dismissed his petition. Dirk appealed. The appellate court rejected his appeal and dismissed the case with prejudice.

¶8 Dirk filed several other civil cases against Miki in California, Massachusetts, Minnesota, Montana State District Court, Montana Federal District Court, and Utah. In Massachusetts, Dirk filed a civil action against Miki's employer. In Utah, Dirk filed lawsuits against Miki's "boss . . ., her neighbor and dog walking friend . . . for loss of consortium." In Montana, Dirk filed a counterclaim in the dissolution action before the Sixth Judicial District Court. Dirk additionally filed an action for trespass and conversion in the Justice Court of Park County; that action was dismissed before it was served. Dirk also petitioned the District Court in Gallatin County for a Temporary Order of Protection against Miki. The court rejected his petition.

¶9 On or about July 30, 2020, in the Justice Court of Park County, Dirk was charged with a violation of an Order of Protection for communicating with Miki. As of September 27, 2021, the criminal case was pending.

3

¶10 On March 31, 2021, the District Court commenced a two-day bench trial on the Petition for Dissolution. Jami Rebsom (Rebsom) and Adrienne Ellington (Ellington) served as counsel to Miki and joined her in attending the trial. Dirk was present and represented himself pro se.

¶11 On September 27, 2021, the District Court issued its Findings of Fact, Conclusions of Law, and Decree of Dissolution (Decree). The court entered a 12-month No-Contact Order precluding Dirk from contacting Miki. Also, the court declared Dirk a vexatious litigant based on its determination that "it is not a coincidence that [the out-of-jurisdiction cases] were filed after [the] dissolution began" and that "[i]t would stretch credulity to believe they were not filed in large part to gain access to Miki, harass and punish her, to gain a strategic and monetary advantage, and cause her emotional and financial damage." Finally, the court concluded that Dirk abused the discovery process by serving upon Miki hundreds of inappropriate, "crude" discovery requests—noting that Dirk had sent 164 requests in the span of a few months.

¶12 The Decree partially awarded Miki attorney's fees for the dissolution at issue but denied her fee request "for the myriad of other[] cases." The court reasoned that it did not have enough information nor jurisdiction to award attorney's fees and costs arising from actions before other courts. However, with respect to the fees resulting from the dissolution matter before it, the court determined Dirk should be "responsible for eighty percent of Miki's attorney's fees." The court explained that: (1) Miki was compelled to expend an "inordinate amount of attorney's fees and costs"; (2) Miki's expenditures were "in the most part due to [her need to respond to and attend hearings related to] Dirk's continual non-stop

4

filings," which approached 280 at that point—a "substantial" number of which were unnecessary; and, (3) Dirk, "a trained lawyer representing himself," did not incur legal fees for his "multitude of filings in Montana and elsewhere."

¶13 Dirk objected to all of the attorney's fees awarded for Rebsom's services and to some of the fees awarded for Ellington's services.

¶14 On February 16, 2022, the District Court held a hearing on Miki's attorney's fees. Miki's counsel called Kevin Brown (Brown), an attorney at law, as an expert. Dirk acknowledged his familiarity with Brown and awareness of Brown's experience. Brown testified that in his opinion the record supported the fees sought by Miki's counsel and found the total fees to be surprisingly small given the number of entries in the Register of Actions (ROA).

¶15 On April 18, 2022, the District Court issued an Order on Post-Trial Motions and Issues. The Order extended the No-Contact period to five years. The court declared Dirk a vexatious litigant after Dirk "blew-through [the court's] stop-sign"—a pre-filing rule, and after Dirk continued to engage in the sort of pleading for which the court had previously fined him; the court "strongly recommend[ed]" other jurisdictions similarly prohibit Dirk from filing any further actions. The ROA contained nearly 400 entries (390) at this point— an "[u]nbelievabl[e]" amount, according to the District Court.

¶16 The District Court ordered Dirk to pay $44,464.55 of Miki's attorney's fees and costs for their pretrial work, concluding that the affidavits of the attorneys were "detailed and supportive of their claims." Furthermore, Brown's testimony "reinforce[d] those fees."

5

The court also directed Rebsom and Ellington to file affidavits of the attorney's fees and costs incurred post-judgment within fifteen days of the Order.

¶17 On May 5, 2022, Rebsom filed a Motion to Accept Late Filing of Attorney Fees. Rebsom stated that cancelled flights prevented her from timely filing her affidavit for posttrial attorney fees and costs. The next day, the District Court issued an Order to Accept Late Filing of Attorney Fees. The court reasoned that the cancellation of Rebsom's flights constituted good cause. Ellington timely filed her affidavit. Dirk objected. On June 21, 2022, the District Court held a hearing on the posttrial attorney's fees and costs. Brown testified to the appropriateness of the fees and costs in the attorneys' respective affidavits.

¶18 On August 30, 2022, the District Court issued an Order After Motions Hearing. Based on the testimony, pleadings, and the entirety of the record, the court deducted $18.50 from Ellington's award and deducted $652.50 and $339.05 from Rebsom's award because the fees pertained to actions in another court and expenses unrelated to the instant dispute, respectively.

¶19 We review a district court's determination to grant attorney fees pursuant to § 37-61-421, MCA, for an abuse of discretion. *Tigart v. Thompson*, 244 Mont. 156, 159-60, 796 P.2d 582, 584 (1990).

¶20 Dirk argues that the District Court erred by ordering him to pay fees because the court engaged in no analysis of the reasonableness or necessity of such an award. He further asserts that the award did not comply with § 37-61-421, MCA.

¶21 Pursuant to § 37-61-421, MCA, "An attorney or party to any court proceeding who, in the determination of the court, multiplies the proceedings in any case unreasonably and

6

vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorney fees reasonably incurred because of such conduct." This Court identified the purpose of this section as "provid[ing] redress against persons who abuse the judicial process for their convenience, tactical reasons, personal gain, or the satisfaction of vengeful motives." *Estate of Bayers,* 2001 MT 49, ¶ 12, 304 Mont. 296, 21 P.3d 3. We have upheld the award of attorney's fees in line with this purpose, such as when a party violates the discovery process or causes unnecessary delays in the proceedings. *See Bayers,* ¶ 13 (collecting cases). In *Bayers*, we concluded that the district court did not abuse its discretion in awarding attorney's fees where the court found that a party "prolonged [the] matter unreasonably and vexatiously" by inciting "numerous briefs, hearings and legal proceedings" as a result of their recalcitrance. *Bayers,* ¶ 16.

¶22 Here, the District Court did not abuse its discretion by assessing attorney's fees pursuant to § 37-61-421, MCA. The court repeatedly and explicitly noted instances of Dirk needlessly prolonging the matter. We affirm on this issue.

¶23 Dirk argues that the District Court did not provide him any notice nor afford him a hearing prior to declaring that Dirk is a vexatious litigant and entering a pre-filing order against him. This Court reviews a district court's order entered against a vexatious litigant for abuse of discretion. *Boushie v. Windsor*, 2014 MT 153, ¶ 8, 375 Mont. 301, 328 P.3d 631.

¶24 A comparison of the actions taken by the District Court to those taken by the district court in *Motta v. Granite Cty. Comm'rs*, 2013 MT 172, 370 Mont. 469, 304 P.3d 720 leads this Court to the same conclusion we reached in *Motta*—that the court did not err in

7

declaring the relevant party a vexatious litigant. *See Motta*, ¶ 23. Just as the district court in *Motta*, ¶¶ 21-22, the court here entered detailed findings of fact and made substantive findings about the frivolous or harassing nature of the relevant party's—here, Dirk's— actions. Similarly, the court in this matter followed the *Motta* district court by assessing the relevant party's conduct against the five substantive factors identified by the Ninth Circuit for determining someone to be a vexatious litigant. *See Motta*, ¶ 22 (referring to the factors identified in *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047 (9th Cir. 2007)).[2]

¶25   The District Court's application of those factors clearly supported the court's determination that the relevant party is a vexatious litigant. *See Motta*, ¶ 22. We affirm on this issue.

¶26   Dirk argues that the District Court erred by extending the No-Contact Order for five years. He contends that the court made this extension without any fact-finding or analysis. Dirk suggests that Miki's confirmation that Dirk had not attempted to make any contact with her further demonstrates the court's error.

¶27   This Court will not overturn a district court's decision to continue, amend, or make permanent an order of protection absent an abuse of discretion. *Lockhead v. Lockhead*, 2013 MT 368, ¶ 12, 373 Mont. 120, 314 P.3d 915.

---

[2] Those factors are: (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing, or duplicative suits; (2) the litigant's motive in pursuing the litigation, for example, whether the litigant had a good faith expectation of prevailing; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused unnecessary expense to the parties or placed a needless burden on the courts; and (5) whether other sanctions would be adequate to protect the courts and other parties. *Motta,* ¶ 20.

¶28 Pursuant to § 40-15-202(1), MCA, a district court has the discretion to "determine whether good cause exists for [a] temporary order of protection to be continued, amended, or made permanent," following a hearing. Due process requires the opportunity to be heard "at a meaningful time and in a meaningful manner." *In re Marriage of Stevens*, 2011 MT 124, ¶ 18, 360 Mont. 494, 255 P.3d 154.

¶29 Here, the District Court considered Miki's motion for a Permanent Order of Protection at the posttrial motions hearing. Dirk appeared at that hearing by Zoom. The court heard testimony of the parties and counsel.

¶30 The District Court determined, based on evidence presented at the hearing, that good cause existed to extend the No-Contact Order. The record shows that Miki requested a Permanent Order of Protection specifically to prevent Dirk from further filing litigation against her, her family, and her business associations. The court documented manifold instances of Dirk engaging in unreasonable conduct that multiplied the proceedings and noted that such conduct continued in the period between the court's original issuance of a No-Contact Order of twelve months and its subsequent decision to extend that Order. The court did not abuse its discretion.

¶31 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶32 Affirmed.

/S/ MIKE McGRATH

We Concur:

/S/ JAMES JEREMIAH SHEA
/S/ BETH BAKER
/S/ INGRID GUSTAFSON
/S/ JIM RICE